Crafts v. Clark.

---

CRAFTS, Adm'r, v. CLARK.

1. **Default:** FAILURE TO PLEAD: AMENDMENT. Where an amended answer is successfully assailed by motion or demurrer, a judgment by default cannot properly be entered against the defendant for his failure to further plead, in accordance with the ruling of the court, if the original answer remains on file unaffected by such ruling.

2. **Foreign judgment:** EVIDENCE AS TO VALIDITY. A judgment cannot properly be rendered upon a foreign judgment, invalid under *our* laws, unless it be shown that such judgment is valid under and according to the laws, practice or usage of the State where rendered.

| 31 | 77 |
|----|-----|
| 83 | 746 |
| 31 | 77 |
| 106 | 457 |
| 31 | 77 |
| 111 | 600 |
| 31 | 77 |
| 138 | 204 |

*Appeal from Henry Circuit Court.*

SATURDAY, JANUARY 28.

ACTION upon a judgment purporting to have been rendered by the prothonotary of a court of record of the State of Pennsylvania, April 9, 1850, upon a promissory note dated April 8, 1850, and payable April 1, 1855. The petition avers that the prothonotary had authority to enter the judgment on the note before it was due, and the judgment is in the usual and proper form under the laws of the State of Pennsylvania. , A copy of what purports to be a part of a statute of that State, conferring the authority upon the prothonotary, is made a part of the petition.

Defendant answered, denying generally all the averments of plaintiff's petition. By an amended answer he avers that the judgment is void, was entered without notice, without jurisdiction and by fraud, etc. Upon motion defendant was required to make a more specific statement of the matter pleaded in his amended answer. Time was taken to comply with the rule, but no amendments having been made in compliance therewith, plaintiff moved that a default be entered against defendant, and thereupon the proceedings were had as set forth in the following language of the record: "This cause coming on to be heard the plaintiff appears by Bowman and the defendant by Palmer, his attorney; and plaintiff's motion for default is heard and sustained, to which defendant excepts; and on further consideration of the case and on presentation of the exhibits and evidence to the court judgment is rendered for plaintiff against defendant," etc., etc., to which defendant excepted.

From the bill of exceptions it appears that the only evidence offered was the transcript of the judgment sued on.

Defendant appeals.

Crafts v. Clark.

*L. G. Palmer* and *T. A. Bereman* for the appellant.

*P. N. Bowman* for the appellee.

BECK, J. — I. The default was improperly rendered against defendant. As we understand the record, defend-

1. DEFAULT: failure to plead: amendment.

ant had pleaded a sufficient defense by his first answer, which was not assailed by the motion of plaintiff. The motion was only directed at the second answer. His failure to comply with the order made thereon did not affect his first answer. There being an answer to the petition, default could not be taken against defendant. *Levi* v. *Monroe*, 11 Iowa, 453. Revision, section 3148, which provides that, if a party fail to amend his pleadings within the time prescribed by the court, judgment by default shall be rendered against him, does not apply to this case. Where a party has, by separate answers, set up several defenses, and fails to amend one of his pleadings in compliance with the rule of the court, he is not in default so that judgment may be rendered against him as to all of his defenses. Those that are well pleaded will stand, and he is precluded from making defense under the one which he has failed to amend. The section contemplates a case where amendments are required to be made to the only answer or all the answers of the defendant.

II. There was not sufficient evidence before the court to authorize a judgment. The judgment sued on was ren-

2. FOREIGN JUDGMENT: evidence as to validity.

dered upon a promissory note which empowered any attorney of any of the courts of Pennsylvania to enter judgment thereon in any of the courts of that State.

It was entered without the appearance or agency of any attorney, and as appears by the record of the prothonotary of the court, near five years before the maturity of the note.

Under the laws of this State a judgment of this character is invalid and cannot be enforced. It has been ruled

however by this court, that when, by the laws, usages and practice of a State, a judgment rendered therein is valid, the same faith and credit will be extended to it here, and it will be enforced by the courts of this State. No evidence was given of the laws of Pennsylvania, so that the circuit court could have determined that the judgment was valid there. As the judgment is not valid under our laws, this was necessary in order to authorize the court to extend to it full faith and credit and render judgment upon it in this action. We do not determine that all objections appearing against the judgment would be removed by proof that it is in accordance with the laws of Pennsylvania. Of this we have grave doubts. But without dispute it cannot be regarded as valid unless it is shown to be so under the laws of that State. It was clearly error to render judgment upon it without such evidence.

Reversed.