## HOME BREWING CO. OF CHICAGO HEIGHTS v. AMERICAN CHEMICAL & OZOKERITE CO.

, No. 3612.   Decided May 10, 1921.   (198 Pac. 170.)

1. CORPORATIONS—SUITS BY FOREIGN CORPORATIONS IN COURTS OF STATE NOT "DOING BUSINESS" WITHIN STATE.  The instituting of suits by foreign corporations in the courts of the state does not constitute "doing business" within the state, within Const. art. 12, § 9, providing that no corporation shall "do business" within the state without having one or more places of business with authorized agents nor without filing a certified copy of articles of incorporation with Secretary of State, nor within Laws 1919, c. 17, providing that foreign corporations, before "doing business" within the state, shall file a copy of articles of incorporation with county clerk of county in which principal office is situated.[1]

2. JUDGMENT—CANNOT BE OBTAINED ON WARRANT, VERIFIED STATEMENT IN WRITING BEING NECESSARY.  An attorney at law, acting under a warrant of attorney purporting to have been executed by defendant, cannot obtain a judgment by confession, a statement in writing signed and verified by the defendant authorizing the entry of judgment for a specified sum and stating the facts out of which the indebtedness arose showing the sum due or to become due, or the facts constituting the liability being necessary, under Comp. Laws 1917, § 6888.

3. JUDGMENT—STATUTORY METHOD OF OBTAINING JUDGMENT BY CONFESSION MUST BE STRICTLY COMPLIED WITH.  Comp. Laws 1917, § 6888, prescribing the method or procedure by which judgments by confession may be obtained, must be strictly complied with.[2]

4. JUDGMENT—VALIDITY OF JUDGMENT OF OTHER STATE MUST BE ALLEGED AND PROVED WHERE RENDERED IN A MANNER UNKNOWN TO JURISPRUDENCE OF STATE WHERE ACTION THEREON IS BROUGHT.

---

[1] Barse Live Stock Co. v. Range V. C. Co., 16 Utah, 59, 50 Pac. 630; Booth & Co. v. Weigand, 30 Utah, 135, 83 Pac. 734, 10 L. R. A. (N. S.) 693.

[2] National Bank v. Sears, 13 Utah, 174, 44 Pac. 832.

The right of a litigant to have the benefit of the full faith and credit clause of the Constitution does not relieve him from the duty of establishing his right thereto, which, in some cases, may be proved by showing a duly authenticated copy of a judgment from a court of general jurisdiction of a sister state; but, if the judgment is rendered in a manner unknown to the jurisprudence of the state where the action is brought, the existence of laws which render the judgment valid in the state where it was rendered must be both alleged and proved.

5. JUDGMENT—CONFESSED JUDGMENT OBTAINED IN OTHER STATE BY METHOD OTHER THAN THAT PRESCRIBED FOR UTAH NOT GIVEN FULL FAITH AND CREDIT IN ABSENCE OF SHOWING OF VALIDITY IN OTHER STATE. A judgment by confession obtained in another state in a manner other than that prescribed by Comp. Laws 1917, § 6888, prescribing the procedure by which judgments by confession may be obtained, will not be given full faith and credit in absence of showing that the judgment so obtained was valid in the state in which it was obtained.

6. EVIDENCE—JUDICIAL NOTICE NOT TAKEN OF LAWS OF OTHER STATE. The courts of one state do not take judicial notice of the laws of another state, and are not presumed to know the laws of such state.

7. JUDGMENT—REFUSAL TO ENTER JUDGMENT ON COUNTERCLAIM FOR BREACH OF LEASE, IN ABSENCE OF PROOF AS TO AMOUNT OF DAMAGES SUSTAINED, HELD PROPER. Under Comp. Laws 1917, § 6844, refusal to enter judgment for defendant upon counterclaim for breach of a lease, where amount of damages was, of necessity, an unliquidated amount, held proper, in absence of proof of amount of damages sustained.

Appeal from District Court, Third District, Salt Lake County; *Wilson McCarthy*, Judge.

Action by the Home Brewing Company of Chicago Heights against the American Chemical & Ozokerite Company. Judgment for plaintiff, and defendant appeals.

REVERSED, and new trial ordered.

*James D. Pardee*, of Salt Lake City, for appellant.

*D. A. Skeen*, of Salt Lake City, for respondent.

GIDEON, J.

This is an action to recover an amount alleged to be due plaintiff from defendant on a judgment of the circuit court of Cook county, state of Illinois. It is admitted that both plaintiff and defendant are corporations. The plaintiff company was organized under the laws of the state of Illinois, and the defendant company pursuant to the laws of the state of Utah. It is alleged that the circuit court of Cook county, state of Illinois, is a court of general jurisdiction, organized and existing by virtue of the laws of such state; that, on the 15th day of July, 1918, a judgment was given in said court in favor of the plaintiff and against the defendant for a sum named, and that the same has not been paid. To that complaint, the defendant interposed a demurrer. One of the grounds of demurrer was:

"That it does not appear from the plaintiff's complaint that it has legal capacity to sue in the state of Utah."

The demurrer was overruled, and the defendant answered. The answer admitted that defendant had not paid the judgment. It is alleged that, at the time of the purported entry of judgment, the circuit court of Cook county was without jurisdiction of either the subject-matter of the action or the defendant; that at no time had service of process been made upon defendant; that defendant was without notice or knowledge that any action against it had been commenced or was pending in said court, and had no knowledge of the judgment until the institution of this action. It is further alleged in the answer that no one was authorized to appear for the defendant in that action; that the defendant made no appearance, and that no one was authorized to confess judgment by warrant of attorney or otherwise, and that no authority had been given by the defendant to any attorney to appear in said case for any purpose. A counterclaim was interposed by the defendant, asking damages for an alleged breach of a real estate lease made between the plaintiff and the defendant. No reply was made to the counterclaim. Plaintiff had judgment, and the defendant appeals.

The first error assigned relates to the order of the court overruling the demurrer. It is contended by defendant that it appears from the allegations of the complaint that the plaintiff is a foreign corporation; and, as it is not alleged that the plaintiff has complied with the provisions of the laws of this state authorizing it to do business in this state, it is not shown that plaintiff has the legal capacity to maintain this action in the courts of this state.

One of the grounds for demurrer provided for in the code is want of capacity on the part of a plaintiff to sue. Defendant therefore was within its rights in objecting by demurrer upon that ground to the sufficiency of the complaint. Article 12, § 9 of the state Constitution is:

"No corporation shall do business in this state, without having one or more places of business, with an authorized agent or agents, upon whom process may be served; nor without first filing a certified copy of its articles of incorporation with the Secretary of State."

Comp. Laws Utah 1917, § 945, as amended by chapter 17, Laws Utah 1919, provides that all foreign corporations—

"before doing any business within the state, shall file with the county clerk of the county in which their principal office in the state may be situated, a copy of their articles," etc.

The question presented by the demurrer, therefore, is whether instituting suits by foreign corporation in the courts of this state is "doing business" within the meaning of that term as it is used in our Constitution and statutes.

A like question has been determined by this court in two former cases. As we understand those decisions, they are adverse to the contention of appellant. *Barse Live Stock Co. v. Range V. C. Co.*, 16 Utah, 59, 50 Pac. 630; *Booth & Co. v. Weigand*, 30 Utah, 135, 83 Pac. 734, 10 L. R. A. (N. S.) 693. It is true that the statute has been amended in some particulars since the decision in 16 Utah, and, in some minor particulars, since the decisions in 30 Utah, but the term "doing business" was found in the original statute in force at the date of the rendition of the judgment reported in 16 Utah, Comp. Laws Utah, 1888, § 2293. At that time, the term "doing business" was found in the code, and that opinion undertook to define the meaning of that term as used in both the

Constitution and statute. The conclusions reached in the cases cited are to the effect that instituting an action in the courts of this state by a foreign corporation to enforce a contractual right is not doing business within the state. It appears from the allegations of the complaint in the case at bar that the judgment which is the basis of the plaintiff's right of action was obtained in a court of a sister state. No law of Utah, therefore, was invoked in initiating or establishing the plaintiff's right. The right to institute and maintain this action not being dependent upon plaintiff having complied with the laws of Utah authorizing it to do business in the state, it necessarily follows that it is not necessary to make such allegation in the complaint.

We regard the above-cited cases as controlling and decisive of the question raised by this assignment. It would subserve no useful purpose, therefore, to discuss the cases cited from other jurisdictions.

Several of the remaining assignments of error can be considered together. They relate to the rulings of the court in admitting in evidence the authenticated transcript of the judgment of the circuit court of Cook county, and the order awarding plaintiff judgment.

The judgment of the Illinois court was obtained by and based upon a confession of judgment by an attorney at law. The attorney was acting under a warrant of attorney claimed to have been executed by the defendant. The recital in the confession, preceding the formal order of judgment, is as follows:

"And thereupon Homer W. Woodbury, an attorney of this court, appeared in behalf of said defendant, and by virtue of a warrant of attorney for that purpose, executed by said defendant, and now produced, duly proved and filed in open court, filed its cognovit waiving the issuing and service of process, and acknowledged that said defendant, did assume and promise, in manner and form as the said plaintiff has in its declaration alleged, and confessed that it has sustained damages in the sum of sixteen hundred twenty dollars and no cents."

The warrant of attorney referred to in the above excerpt is not found in the transcript or elsewhere in the record.

At the trial in the district court, the record of the judgment was admitted in evidence, over the objection of the defendant, and thereupon the plaintiff rested its case. The defendant thereupon moved for judgment in its favor; also, for a judgment against the plaintiff on the defendant's counterclaim. These motions were overruled. The defendant offered no testimony. The court made findings and gave judgment in favor of the plaintiff.

The code of procedure in this state does not authorize a judgment by confession in proceedings such as are found in the authenticated record from the Illinois court. A judgment so entered would be a mere nullity. Comp. Laws Utah 1917, § 6888, prescribes the method or procedure by which judgments by confession may be obtained, and such procedure must be strictly complied with. *National Bank* v. *Sears,* 13 Utah, 174, 44 Pac. 832. It necessarily follows that the procedure by which the judgment in this case in the Illinois court was obtained is not sanctioned or warranted by any practice known to the laws of Utah. Notwith-   2, 3 standing that fact it is the theory of the plaintiff that a judgment regularly authenticated from a court of general jurisdiction (such as a circuit court) of a sister state carries with it the presumption of regularity by that court, and that such presumption goes to the extent of presuming jurisdiction of the subject-matter and of the person, as well as authority on the part of the court to enter the judgment by the practice or procedure followed. It is, for that reason, contended on the part of plaintiff that, having produced an authenticated copy of the judgment of the Illinois court, the burden was thrown upon the defendant to prove that such court was without jurisdiction, or that it lacked authority to enter the particular judgment as the same is found in the transcript of that judgment. It is argued that to hold otherwise would be a refusal to give to a judgment of a sister state full faith and credit, as required by the Constitution.

The right of a litigant to have the benefit of the full faith and credit clause of the Constitution does not relieve such litigant from the duty of establishing that he is entitled to

such right. In many cases, he may have proven his right by showing a duly authenticated copy of a judgment from a court of general jurisdiction of a sister state. In other cases, it is incumbent upon the party asserting such right to establish by proof the existence of the right by testimony other than the presumption that follows or goes with the judgment of a court of general jurisdiction.

Conceding that the rule of law claimed by plaintiff is applicable and binding upon the courts of this state, in favor of a judgment rendered in another state in proceedings recognized by the laws of this state, it remains to be determined whether that rule is applicable in a case in which the practice or method of procedure pursued in obtaining the judgment is unknown to the jurisprudence of this state. In 23 Cyc. 1574, that law controlling in such cases is stated as follows:

"But if the judgment is rendered in a manner unknown to the jurisprudence of the state where the action is brought, the existence of laws which render the judgment valid in the state where it was rendered must be both alleged and proved."

In *Angle* v. *Manchester*, 3 Neb. Unof. 252, 91 N. W. 502, the court, in discussing a question similar to the one here under consideration, says:

"Plaintiff relies on an interstate judgment procured in a manner unknown to the laws and rules of practice of the courts of the state of Nebraska. In his petition, however, he alleges the laws of the state of Pennsylvania, which authorize and validate his judgment, but in the record before us he utterly fails to introduce any proof of any kind tending to show the laws of Pennsylvania on which he must rely to support the validity of his judgment. In the case of *Snyder* v. *Critchfield*, 44 Neb. 66, 62 N. W. 306, this court, in discussing a judgment rendered under power of attorney, contained in a judgment note in the state of Pennsylvania, says: 'It must be remembered that judgments on notes of this character are not known to the jurisprudence of our state, and that, the notes having been made in Pennsylvania, and the judgment there rendered, the effect and validity of the contract must be determined by the law of Pennsylvania. What that law is was a fact to be established by the evidence in this case.'"

See, also, *Thomas* v. *Pendleton*, 1 S. D. 150, 36 Am. St. Rep. 726; *Hinson* v. *Wall*, 20 Ala. 298; *Crafts* v. *Clark*, 31

Iowa, 77; 2 Freeman, Judgments (4th Ed.) § 571; 16 Standard Ency. Pro. 396.

In *Crafts* v. *Clark*, supra, the court says:

"No evidence was given of the laws of Pennsylvania, so that the circuit court could have determined that the judgment was valid there. As the judgment is not valid under our laws, this was necessary in order to authorize the court to extend to it full faith and credit, and render judgment upon it in this action."

If it be conceded that the allegation of the complaint that "a judgment was duly given, made and entered by said circuit court," etc., is sufficient to authorize proof of the laws of the state of Illinois, there is, nevertheless, a total absence of any proof, or offer to prove, the laws of Illinois giving the court power to enter judgment by confession upon a warrant of attorney such as was done in this case. As stated, no other testimony than the authenticated copy of the judgment aforesaid was tendered on the part of the plaintiff. If the judgment of the district court in this case is to stand, it must be maintained wholly upon the authenticated transcript from the Illinois court. The courts of one state do not take judicial notice of the laws of another state, and are not presumed to know the laws of such state. Courts are required to give full faith and credit to the judgments and decrees of a sister state, but the courts are not required to give such faith and credit until proof is produced, either by presumption or otherwise, that the court entering the judgment is authorized by the laws of the state to render the judgment.

*Van Norman* v. *Gordon*, 172 Mass. 576, 53 N. E. 267, 44 L. R. A. 840, 70 Am. St. Rep. 304, and *Teel* v. *Yost*, 128 N. Y. 387, 28 N. E. 353, 13 L. R. A. 796, are cited by plaintiff in support of its contention that the presumption in favor of the regularity, jurisdiction, and power of courts to enter judgments is sufficient, until overcome by contrary proof, to warrant the district court in this case in entering the judgment appealed from. It does not appear from the opinion in Van Norman v. Gordon whether a confession of judgment by warrant of attorney is known to the laws of Massachusetts or permitted by the practice in that state. In the case from 128

New York, it affirmatively appears in the opinion that the practice of entering judgments by such procedure has obtained in New York from that state's earliest history. These authorities, therefore, do not determine the particular question presented by this record.

We are therefore of the opinion, and so hold, that, under the facts appearing in this record, the district court erred in its conclusion that the authenticated transcript of the judgment was sufficient in and of itself to warrant judgment in favor of the plaintiff.

The defendant has assigned error respecting failure of the court to make findings upon the issues presented by its counterclaim, and upon the refusal of the court to enter judgment in favor of the defendant upon the counterclaim. The counterclaim of the defendant is apparently for an alleged breach of a written lease existing between the plaintiff and defendant. The amount claimed as the penalty for such breach was, of necessity, an unliquidated amount. No proof was offered in support of the damages alleged in the counterclaim. Neither the statute nor the cases authorize a judgment for damages without proof of the amount sustained. Comp. Laws Utah 1917, § 6844; *Atchison, T. & S. F. Ry. Co.* v. *Lambert,* 31 Okl. 300, 121 Pac. 654, Ann. Cas. 1913E, 329. It does not appear definitely that the counterclaim is founded upon a breach of the same lease upon which the judgment of the Illinois court is founded, and, in view of the uncertainty of the record, we refrain from further discussing the question presented by this assignment.

For the reasons stated the judgment of the district court is reversed, and a new trial ordered. Appellant to recover costs.

CORFMAN, C. J., and WEBER, THURMAN, and FRICK, JJ., concur.