TAYLOR v. GUARANTY MORTGAGE CO. et al.

No. 4048.   Decided November 8, 1923.   Rehearing denied December 24, 1923.   (220 Pac. 1067.)

1. APPEAL AND ERROR—PRESUMPTION THAT COMPLAINT, AFTER PARTS THEREOF STRICKEN OUT, AUTHORIZED COURT TO ENTER DEFAULT JUDGMENT. Where plaintiff failed to file an amended complaint as permitted by an order of the court striking certain parts of the complaint, and default was taken against defendant on his failure to answer, in absence of any showing to the contrary, it must be presumed on appeal that the remaining part of the complaint contained sufficient facts to entitle the court to grant the relief that it did.

2. JUDGMENT—FAILURE TO NOTIFY DEFENDANT OF ACTION OF COURT ON HIS MOTION TO STRIKE PARTS OF COMPLAINT DID NOT EXCUSE

DEFAULT. Where defendant filed a motion to strike out parts of the complaint, he was not entitled to notice of an order of the court sustaining the motion, and plaintiff could take a judgment by default against him on his failure to answer if there was sufficient matter left in the complaint to warrant the relief granted.

3. JUDGMENT—TIME FOR ANSWER NOT EXTENDED INDEFINITELY AFTER MOTION ATTACKING COMPLAINT IS DISPOSED OF. If the pendency of a motion respecting the complaint is sufficient to prevent the entry of a default, it does not indefinitely extend the time for answer after such motion has been disposed of.[1]

4. JUDGMENT—EQUITY WILL RESTRAIN ENFORCEMENT OF JUDGMENT ONLY WHERE GOOD DEFENSE IS SHOWN. To warrant an order restraining proceedings upon a judgment at law it must be made to appear that injustice will result if equity does not intervene, and, where the complaint does not set forth a defense to the judgment, relief should be denied.[2]

Appeal from District Court, Second District, Weber County; *George S. Barker*, Judge.

Action by Ether G. Taylor against the Guaranty Mortgage Company and another. From a judgment dismissing the action, plaintiff appeals.

JUDGMENT AFFIRMED.

*C. R. Hollingsworth*, of Ogden, for appellant.

*Pratt & Pratt*, of Ogden, for respondents.

GIDEON, J.

Appellant (plaintiff below) seeks to have a judgment rendered by the district court of Weber county decreed to be "null and void and that the said plaintiff therein be forever enjoined and restrained from enforcing the same by execu-

---

[1] *Felt City Towsite Co.* v. *Felt Inv. Co.*, 50 Utah, 364, 167 Pac. 835.

[2] *McMillan* v. *Forsythe*, 47 Utah, 571, 154 Pac. 959.

tion or otherwise." The appellant was the defendant in that action, and the respondent Guaranty Mortgage Company was plaintiff. Further relief is sought by the prayer of the complaint to have the respondent Pincock, as sheriff of Weber county, Utah, restrained from levying upon certain real property under an execution issued in the former action, and that the writ of execution and levy made thereunder be held to be null and void. General relief is also prayed.

The defendant Pincock, as sheriff, did not appear in the action, and his default was regularly entered by the clerk of the court. The respondent mortgage company demurred to the complaint. The grounds of demurrer are that the complaint does not state facts sufficient to constitute a cause of action or to entitle appellant to any relief whatever. The court sustained the demurrer. The appellant elected to stand upon his complaint. Judgment was therefore entered dismissing the action. From that judgment this appeal is prosecuted.

The complaint is quite lengthy. We shall state herein only so much thereof as is necessary for a clear understanding of the legal question presented for determination.

It is alleged that the mortgage company, in January, 1922, brought an action against the appellant herein as the sole defendant to recover a judgment upon four certain promissory notes alleged to have been executed by appellant, in which the mortgage company was payee; that within the time for pleading to the complaint in that action appellant filed a motion to strike certain parts of the complaint; that the motion was argued on March 6, 1922, and by the court granted on the 15th of the same month; that in the order granting the motion the trial court gave the respondent mortgage company, plaintiff therein, 10 days from notice in which to amend its complaint. It is further alleged that neither appellant nor his counsel was present on March 15, 1922, when the order was made and that not until the —— day of February, 1923, did either the appellant or his counsel have any knowledge or notice that said motion had been disposed of, or that any order had been entered in said action on March 15th; that the

mortgage company did not within the 10 days allowed by
the court, or at all, serve or file in said cause its amended
complaint; that on May 4, 1922, counsel for the mortgage
company filed with the clerk of the district court a written
præcipe directing such clerk to enter the default of appellant,
and default was thereupon entered by the clerk; that on May
9, 1922, the mortgage company brought the action on for trial,
the appellant not appearing either in person or by counsel;
that a trial was had upon the alleged default of the appel-
lant; that the court heard testimony and received certain
documentary evidence and ordered judgment in favor of the
respondent mortgage company and against the appellant,
Taylor, as prayed for in the complaint; that, on May 20,
1922, the court made and entered, and the same were filed in
the case, its findings of fact, conclusions of law, and judg-
ment in favor of the mortgage company and against this ap-
pellant; that thereafter orders were made by the district court
authorizing the sheriff of Weber county to sell certain cer-
tificates of corporate stock held as security for the indebted-
ness, and that said certificates were sold and the amount
received therefor, less expenses, was credited upon the judg-
ment; that on January 23, 1923, an execution was issued by
the clerk of the court and placed in the hands of the sheriff
of Weber county, and a levy made upon certain real property
and notice of sale given. A detailed description of the prop-
erty is found in the complaint. It is further alleged that the
sheriff will, unless restrained by an order of court, proceed
to sell the real property mentioned in the complaint; that
the time within which appellant could have appealed from the
default judgment had expired, and that the time for asking
relief in that action under the statute had likewise expired,
and that appellant has no plain, speedy, or adequate remedy
at law. No notice of the entry of judgment by default was
ever given to appellant.

The principal claim or argument of appellant is that the
failure of the mortgage company to file an amended complaint
as permitted by the order of the court striking certain parts
of the complaint and taking default without giving notice of

such order was taking an unfair advantage of the appellant. It seems to be the theory of appellant that he was entitled to notice of the court's order in sustaining his own motion to strike certain parts of the complaint; also that the court was without jurisdiction to enter judgment in that action until the mortgage company had filed an amended complaint. It does not appear from the record before this court that the allegations of the complaint remaining after certain parts were stricken did not state sufficient facts to entitle respondent, plaintiff in that action, to the judgment **1, 2** sought. It must be presumed, in the absence of any showing to the contrary, that the remaining part of the complaint did contain sufficient facts to entitle the court to grant the relief that it did grant. It would be an anomaly to hold that a party litigant is entitled to notice of an order sustaining his own motion. Let it be conceded that it is the law and that it has been so determined by this court in *Felt City Townsite Co.* v. *Felt Inv. Co.*, 50 Utah, 364, 167 Pac. 835, that a motion respecting the pleadings recognized by law is sufficient to prevent the entry of a default until **3** that motion is disposed of; it does not, however, follow that the time for entering default is extended indefinitely after such motion has been disposed of.

Appellant relies upon *McMillan* v. *Forsythe*, 47 Utah, 571, 154 Pac. 959, and particularly upon a quotation from *Walker* v. *Heller*, 90 Ind. 200, therein found as follows:

"It is well settled that a court of equity will restrain proceedings, upon a judgment at law, where its enforcement is against conscience, and the same has been recovered by an unfair advantage."

The weakness of appellant's argument is not in the rule invoked, but that his complaint does not state facts which bring him within the rule. There is no allegation in the complaint in this action suggesting that it is "against conscience" to enforce the judgment. It may be conceded that a court of equity can and should relieve from a judgment obtained in a law action whenever the enforcement would result in an injustice and the judgment was obtained in any way irregular or against the excusable neglect of the losing party. It

is, nevertheless, the universal rule that, before a court of equity will exercise its power in restraining the enforcement of a judgment at law, it must be made to appear that injustice will result if such power is not exercised. That the trial court had jurisdiction to enter the judgment in the original action is not seriously questioned. The court sustained the motion to strike certain parts of the complaint. That was appellant's own motion. Clearly the mortgage company was not required to give its adversary notice that the court had sustained a motion against it. Appellant knew that a complaint had been filed against him. It was his duty, if he had a defense to that action, to see that such defense was presented to the court by a pleading within the time allowed by law. In any event, if he had a defense, such defense should appear from the allegations in the complaint in this action before a court of equity is authorized to grant him relief against a judgment regularly entered. There is no allegation in this complaint of any fact indicating that the appellant has or had a valid or legal defense to the cause of action stated in the original complaint, or any part thereof.

Judgment affirmed.

WEBER, C. J., and THURMAN, CHERRY, and FRICK, JJ., concur.

## On Application for Rehearing.

PER CURIAM. In a petition for rehearing appellant, plaintiff below, earnestly contends that the court, in the decision rendered, erred in numerous particulars specified in the petition. Were it not for the evident sincerity of counsel for appellant in the position taken, we should not feel called upon to say anything upon this application.

The difficulty with counsel's position, however, is that the complaint, even though it be conceded that there was some irregularity in entering judgment in the law action, makes no showing nor states any fact or facts in the instant action to indicate that an injustice is being perpetrated upon appellant, defendant in the law action, in enforcing the judgment

of the court. The action originally was upon promissory notes. It is so alleged in the complaint under consideration. A promissory note carries with it the presumption of a consideration. The defendant in the law action, appellant here, filed a motion to strike certain parts of the complaint. The court granted the motion. In the order it authorized the filing of an amended complaint. Thereafter, without any new or amended complaint being filed, the court entered judgment in favor of the plaintiff and against the defendant in that action. Every presumption is in favor of a judgment entered by a court of general jurisdiction. This court is unable to see any fallacy in the statement in the opinion that, in the absence of any showing to the contrary, it must be presumed that the complaint, after certain parts were stricken, contained the necessary allegation to constitute a cause of action. The presumption indulged in favor of judgments carries with it that implication.

The appellant invokes the aid of a court of equity to restrain the enforcement of that judgment without alleging any facts showing that appellant had any defense, either equitable or legal, to the cause of action stated in the complaint in the law action. The authorities are uniform that any one asking the assistance of a court of equity to enjoin the enforcement of a judgment entered in a law action must, in the complaint, state some fact or facts from which it can be reasonably inferred that to permit the enforcement of the judgment would be against good conscience and result in an injustice to the complaining party. This court attempted to point out in its opinion that the complaint in the instant case fails to state any such facts.

Rehearing denied.