WARREN DIXON, PLAINTIFF, v. JOHN SWENSON, DEFENDANT.

Argued November 8, 1924—Decided February 10, 1925.

1   The filing of a bill of particulars in case upon contract is to enable the litigant demanding such particulars to frame his answer, plea or reply, as the case may be.
2.  The common law demand for a bill of particulars must be made before answer filed, and this rule was embodied in section 102 of the Practice act of 1903 (*Comp. Stat., p,* 4092), which states that a demand by the defendant for bill of particulars from the plaintiff must be made before plea filed, and this requirement was not changed by the new Practice act of 1912.
3.  Defendant demanded a bill of particulars which plaintiff furnished.   Defendant then gave notice of a motion for a more specific bill of particulars, and, before the hearing thereof, filed his answer to the complaint.   *Held,* that the filing of the answer was a waiver of the right to have a further bill of particulars.

---

On motion to vacate order for further bill of particulars.

Before Justices KALISCH and PARKER.

For the motion, *Warren Dixon, pro se.*

*Contra, Wall, Haight, Carey & Hartpence.*

The opinion of the court was delivered by

KALISCH, J.  The legal question presented in this case is whether, where a bill of particular was furnished · by the plaintiff on demand made upon him by the defendant before answer filed, the latter may properly apply· to the court after answer filed for a more specific bill of particulars.

The plaintiff's action was commenced in this court on July 19th, 1923, to recover from the defendant the sum of $1,000 for legal services and expenses incurred in the performance of the same.  Before answer filed the defendant demanded a bill of particulars.  The plaintiff furnished a bill of particulars.  On August 13th the defendant gave notice to plaintiff of a motion to be made on August 20th before Mr. Justice Parker for a more specific bill of particulars, and on the day following of the giving of such notice the defendant filed his answer to the complaint, to which answer the plaintiff filed a reply, thereby bringing the cause to issue.  After several adjournments the motion came on to be heard by Mr. Justice Parker, and he ordered a further bill of particulars.  The legal propriety of the action of the justice in making the order is challenged upon the ground that the defendant, having filed an answer to the complaint, was not lawfully entitled to have a further bill of particulars.

That a demand for a bill of particulars must be made before answer filed was the common law rule and practice. 1 *Tidd Pr.* 642.  The filing of a plea was stayed until the demand was complied with.  If the bill of particulars was insufficient a demand for a more specific bill of particulars could undoubtedly be made, and, if ordered, upon application to the court, the proceedings would be stayed until the demand was complied with.  The filing of an answer by defendant was, in our opinion, tantamount to a waiver of a further bill of particulars.  More will be said on this topic later on. The practice in this state was patterned after the common law.

By the fifty-fourth section of the act of 1799 (*Pat. L., p.* 361), it is provided: "That the plaintiff, or his attorney, if required, shall deliver to the defendant, or his attorney, a

copy of the account, or a bill of particulars of the demand, or a copy of the bill, bond, deed, bargain, contract, note, instrument or other writing, whereon the declaration is founded." ·

In the case of *Clinton* v. *Lyon*, 3 *N. J. L.* 1038, Hornblower, afterwards Chief Justice of the Supreme Court, who appeared for the plaintiff, said:

"Our act, on the subject of a bill of particulars, is not a new law, but a confirmation of the common law, manifested by universal practice."

In *Whitall's Admrs.* v. *Vaughn's Admrs.*, 3 *N. J. L.* 636, the headnote reads: "Bill of particulars, when required, to be delivered before a plea." And in a case under the title of *Anonymous*, 16 *Id.* 346, Mr. Gifford moved for a rule that he have further time to plead, the bill of particulars not having been delivered till the 15th instant, and Mr. Chief Justice Hornblower said:

"The rule is that the defendant has the same time for pleading, after receiving the bill of particulars, that he had at the time of demanding it. The delay in the delivery is not to be counted as part of his time for pleading." And in *Tillou* v. *Hutchinson*, 15 *N. J. L.* 178, Mr. Chief Justice Hornblower (at *p.* 179) said: "By the fifty-fourth section of the Practice act, record laws of 1821, page 421, the defendant, or his attorney, at any time *before plea pleaded*, has right to require, and the plaintiff or his attorney, if required, is bound to deliver to the defendant, or his attorney, a copy of any bond, bill or note, on which the declaration is founded. If regularly required, the plaintiff, or his attorney, must deliver such copy, at his peril. But the requisition should appear to have been made 'before plea pleaded,' and in writing." Section 54, above referred to, is the same as found in *Pat. L.*, above referred to. The entire substance of this section is incorporated in section 236 of the Revision of 1877, page 885, with the extension to the case where a plaintiff demands a bill of particulars of a defendant he shall, before replication filed, demand, in writing, a bill of particulars, &c.

This section, in turn, became section 102 of the Practice act of the Revision of 1903. 3 *Comp. Stat., p.* 4082. Under the new Practice act (*Pamph. L.* 1912, *rule* 18, *p.* 388) appended to the latter act, it is provided: "Bills of particulars may be ordered as heretofore." This leaves the former statutes and practice thereunder undisturbed. Rules 32 and 94 of the Supreme Court accomplish no different result.

That the demand for a bill of particulars cannot properly be made after pleading is inferentially decided by the Court of Errors and Appeals in *Cullen* v. *Wolverton, 63 N. J. L.* 644.

The office of a bill of particulars, when required of the plaintiff, necessitate that he give to the defendant, for the purpose of the trial, information as to the scope of his claim. *Johnston* v. *Bowers, 69 N. J. L.* 544, 546.

To ascertain the nature of the plaintiff's claim is important, in order that a defendant may be advised how to plead to the plaintiff's complaint, whether by general denial or by setting up some matter in bar of the action.

In the present case the defendant, in answering, after having been served with a bill of particulars, must be deemed to have considered the information contained therein sufficiently adequate on which to determine the proper answer to be made to the plaintiff's complaint. We are unable to discover anything in the application to the court for a more specific bill of particulars, if answered, that would have the effect of necessitating a change in the pleadings already on file.

It is not questioned but that the defendant was entitled to apply for a more specific bill of particulars, if no answer had been filed, and that the justice to whom the application was made could, within the exercise of a sound discretion, grant or refuse the application, but what is questioned is the right of the justice to grant the defendant's application after issue joined.

The circumstance, that section 102 of the Practice act of 1903 was repealed by section 35 of the new Practice act of 1912 (*Pamph. L., p.* 384), does not affect the question of the

legal propriety of applying for a bill of particulars in an action upon contract after answer has been filed.

Rule 18, appended to the Practice act of 1912, expressly declares "that bill of particulars may be ordered as heretofore."

The history of our statutory legislation on the subject of bills of particulars in cases upon contract down from the year 1799, emphasizes and illustrates that the function of a bill of particulars was none other than to furnish the pleader with information so that he would be enabled to frame his pleading in defense or reply. As rule 18 declares that bills of particulars may be ordered as heretofore, the plain meaning of this language is, that the practice prevailing relating to the ordering of bills of particulars before the statute of 1912 shall remain undisturbed.

The case of *Taylor* v. *Harris,* 4 *Barn. & Ald.* 93, referred to in *Watkins* v. *Cope,* 84 *N. J. L.* 143, 147, as illustrative of the common law doctrine relating to bills of particulars, makes it plain that the sole function of particulars, in a case upon contract, was to enable the litigant demanding such particulars to frame his answering plea or reply, as the case may be. *Mowbray* v. *Schuberth,* 13 *East* 508; *Derry* v. *Lloyd,* 1 *Chit.* 724.

It was in this sense, only, that the common law and the statutes declaratory thereof, relative to bills of particulars to be furnished in actions upon contract, was understood and applied by the courts of this state. By the tenth article of the constitution of 1844, it is declared that the common law and statute laws now in force shall remain in force until they expire by their own limitation, or be altered or repealed by the legislature. We have already pointed out that, since the adoption of the constitution of 1844, the legislative enactments in regard to such bills of particulars, in actions upon contract, broadened the common law rule and practice by extending the right to demand a bill of particulars to a plaintiff before filing his replication. Thus, for more than a century, the practice declared by the statute was strictly adhered to. While it is true, as has already been observed, that sec-

tion 35 of the Practice act of 1912 repealed the statute of 1903, which statute embodied the earlier enactment on the subject of bills of particulars, rule 18, appended to the statute of 1912, expressly reserved the practice as it existed before the repeal.

It is proper to observe here that no hardship enures to the defendant in the circumstances of the present case, for the plaintiff will be limited in his proof to the bill of particulars, as furnished, and may not go beyond it.

For the reasons given, we think that the order requiring a further bill of particulars, after answer filed, was improvidently made, and should be set aside.