## FIRST NAT. BANK OF OGDEN v. SMOOT et al.

No. 4666.   Decided July 14, 1928.   (269 P. 518.)
Rehearing Denied Aug. 10, 1928.

*C. A. Gillette,* of Salt Lake City, for appellants.

*Roy D. Thatcher,* of Ogden, for respondent.

GIDEON, J.

This action involves the rights of possession of a certain automobile described in the complaint and also described in the answer. The plaintiff, respondent here, bases its right to the possession of the automobile by virtue of a certain chattel mortgage executed by Casperson & Snyder, Inc., admittedly the owners of the automobile at the date of the execution of the mortgage. The cause was tried to the court and a jury. The jury returned a verdict in favor of the plaintiff and against the defendants and found that the plaintiff was entitled to the possession of the automobile. The defendants appeal.

Rule 6 of the Rules of Practice of this court sets out what the abstract shall contain, and, so far as material here, is as follows:

"Said abstract shall contain an index and set forth the title of the cause with the date of the filing of all papers in the court below embodied in the transcript, and a brief statement of the contents of each pleading and paper, and shall set forth fully the substance of the pleadings and of the evidence, if any, and the alleged errors relied upon for a reversal of the judgment or decree or order appealed from, and appellant shall refer to the page numbers in the transcript on the margin of the abstract in such manner that orders, pleadings, papers and evidence referred to in the abstract may easily be found in the record."

Rule 26 relates to the assignments of error, and, so far as material here, is:

"Appellant shall assign errors in writing, subscribed by himself or his counsel, and shall serve a copy thereof on respondent or his counsel, and file the original with the clerk of this court within fifteen days from the time of the filing of the transcript on appeal. * * * Each

alleged error shall be separately stated. When the alleged error is upon the ground of the insufficiency of the evidence to sustain or justify the verdict or decision the particulars wherein the evidence is so insufficient shall be specified. Said assignments, or so much thereof relied upon, shall be set forth in the printed abstract, together with reference to the pages in the transcript and abstract where the rulings and exceptions pertaining thereto appear."

The abstract filed in this case does not comply with either rule 6 or rule 26. Nothing is stated in the abstract concerning the pleadings in the case. No statement is made of the contents of the pleadings. None of the pleadings are set out in the abstract. Nothing is said about the date of filing the complaint or other papers in the trial court. The assignments of error are not printed in the abstract as required by the rules. In fact, no reference whatever is made in the abstract to the errors relied upon for a reversal of the judgment. There are exceptions to certain parts of the court's instructions Nos. 6 and 10 found in the transcript, but nowhere referred to in the abstract.

Written assignments of error were filed with the clerk of this court as required by rule 26. Thirteen errors in all are assigned. No reference is made in this written assignment of errors (which is not printed in the abstract as required by the rules) to the pages of the transcript or the abstract where the questions objected to were ruled upon by the court or where the instructions objected to are found. We are therefore left to examine the entire transcript of the testimony to locate the rulings of the court relied upon as grounds for a reversal of the judgment. This we must decline to do. Such utter disregard of the rules of practice does not entitle the litigant to have the record on which he relies for a reversal of the judgment examined and reviewed.

Rule 8 provides:

"In case the appellant shall neglect to file an abstract in compliance with the rules of this court, the opposite party may file the abstract and prepare the cause for a hearing ex parte and have the costs

taxed therefor, or the court may dismiss the appeal; and if the abstract filed shall not present the parts of the record to which reference is made in the assignment of errors, the appeal may be dismissed."

The transcript of the record in this case covers over 221 typewritten pages. To examine the errors relied upon would require an examination of the entire transcript, without any indication or reference, either in the written assignments of error or in the briefs of the appellant, to assist the court in ascertaining where the alleged errors can be found. We can see no excuse for such utter disregard for the rules of the court as this record contains. No effort has been made to amend the record.

We have concluded by reason of the disregard of the rules of this court that this is a case that justifies the court in dismissing the appeal, as we are authorized to do under rule 8, quoted.

Appeal dismissed, at appellant's cost.

THURMAN, C. J., and CHERRY, STRAUP, and HANSEN, JJ., concur.