## HURD et al. v. FORD.

No. 4737.   Decided April 9, 1929.   (276 P. 908.)

48

*W. A. Hilton,* of Salt Lake City, for appellant.

*P. T. Farnsworth* and *Hurd & Hurd,* all of Salt Lake City, for respondents.

FOLLAND, J.

This is an appeal by defendant from a default judgment rendered against her.

Plaintiffs brought the action to recover attorneys' fees for legal services rendered and performed for defendant in a certain will contest in the district court of Salt Lake county and on appeal in the Supreme Court of the state of Utah of an alleged certain reasonable value. In view of the questions of practice raised on this appeal, it is necessary to set out the dates, all in the year 1928, when the various papers were filed and orders made.

Summons was served on defendant January 31st. Complaint was filed February 10th. Within the time to plead, and on February 20th, defendant served and filed the following paper:

"Motion to Make Definite and to Furnish a
Bill of Particulars.

"Comes now the defendant, Mary Nowlin Ford, and by her attorney, Arthur A Platz, moves the court in the above entitled cause, to require the plaintiffs to make their complaint definite and certain,

by stating the particulars of the items of services alleged in the complaint to have been rendered, for the reason that said information is necessary to enable the defendant to properly prepare her defense to the alleged action."

On the next day, February 21st, plaintiffs served and filed an itemized account of services or bill of particulars, and on the same day the court, on motion of plaintiffs' attorney, entered default of defendant, and, without the taking of any testimony or the introduction of any evidence, entered judgment for the amount prayed for in plaintiffs' complaint. On March 3d defendant served and filed a motion to vacate and set aside such default judgment and permit her to file an answer and have a trial on the merits. The motion stated several grounds, including mistake, surprise, excusable neglect, and that default was irregular, erroneous, void, and contrary to Comp. Laws Utah 1917, § 6844. Affidavits were filed both in support of and in reply to the motion. Plaintiffs also filed a demurrer. Hearing was had upon the motion to vacate and set aside the judgment, and on March 10th the court made an order, the minute entry of which, excluding formal recitals, reads as follows:

"* * * It is ordered that upon the condition that the defendant deliver the notes and mortgages mentioned in the counter-affidavit of E. D. Hurd, filed herein, to the Sheriff of Salt Lake County, Utah, within five days from date, then the defendant will have ten days thereafter in which to answer. It is further ordered that the case be tried on its merits, meanwhile the judgment to stand until the final determination of the cause, to which the defendant's attorney excepts."

Defendant changed attorneys, and, on March 10th the newly employed attorney filed a motion wherein he sought to vacate the order requiring the deposit of securities with the sheriff, and also a further motion to set aside the default judgment and vacate same. The demurrer and answer of defendant were served upon plaintiffs and filed

with the clerk on March 20th, which was within the time specified by the order of the court. A hearing was had on the second motion March 23d and the motion denied, but defendant given until March 26th within which to deliver the mentioned securities to the sheriff. Defendant refused to deliver the securities, but, on March 28th, served notice of appeal and filed undertaking on appeal.

Up to this time no bill of exceptions had been prepared, served, or filed. On April 9th, the court extended the time within which to prepare, serve, and settle the bill of exceptions to and including May 9th, and again, on May 9th extended the time to and including May 30th. A bill of exceptions was prepared and served upon plaintiffs' attorney, who receipted for the same April 30th, "expressly reserving all objections and exceptions thereto and settlement thereof." The bill of exceptions was settled by the court and filed May 12, 1928.

Respondents have moved this court to strike the bill of exceptions from the record and files for the reason that the same was not served, settled, or filed, within the time allowed by law or by any order of court. No notice of entry of judgment was served upon appellant, but respondents urge that such notice was waived when appellant took cognizance of the judgment by moving to set aside and vacate the same, and that her time within which to prepare, serve, settle, and file a bill of exceptions commenced to run from the date of her motion, which was filed March 3d. The question of waiver is discussed in the briefs of both parties. Many authorities are cited in the briefs. We, however, feel that there is no need to either discuss or decide the question of waiver, since we think the question of timeliness of settlement of bill of exception is decided by the express language of our statute, Comp. Laws Utah 1917, § 6969, as amended by chapter 51, Laws Utah 1925. That part of this section applicable here is as follows:

"When a party desires to have exceptions taken at a trial settled in a bill of exceptions, he may, within thirty days after the entry of judgment if the action were tried with a jury, or after service of notice of the entry of judgment if the action were tried without a jury, or after service of notice of the determination of a motion for a new trial, *or in case an appeal is taken before the bill of exceptions is settled service of the notice aforesaid shall not be necessary and the appellant shall, within thirty days after service of his notice of appeal,* prepare a draft of a bill and serve the same, or a copy thereof, upon the adverse party." (Italics supplied is that part of the section added by the 1925 amendment.)

Respondents did not serve notice of entry of judgment upon appellant. An appeal was taken before the bill of exceptions was settled. Therefore appellant had thirty days from the date of service of notice of appeal within which to prepare, serve, and file her bill of exceptions. Within this 30-day period appellant applied for and received from the court an order extending her time within which to settle the bill. The bill of exceptions was served, filed, and settled within the extended time. Such extension of time is permitted under the provisions of Comp. Laws Utah 1917, § 7023. It is also well settled in this state that a district court may, after appeal, settle a bill of exceptions where proper steps are taken to preserve its jurisdiction. *Wilson* v. *Salt Lake City,* 52 Utah 506, 518, 174 P. 847, 851; *Jenkins* v. *Stephens,* 64 Utah 307, 231 P. 112.

Respondents have moved this court to dismiss the appeal on the ground that the abstract of record and assignments of error filed herein do not comply with the rules of this court requiring a reference to pages of the transcript. Appellant, at the time of the oral argument, asked and obtained leave of this court to make necessary corrections to comply with the rule. This court will, in certain cases, dismiss an appeal for failure to comply with the rules in this respect. First *National Bank* v. *Smoot* (Utah) 269 P. 518. Here, however, the record is short and susceptible of correction. The motion is therefore denied.

The judgment of the lower court is attacked by appellant

on the ground that default was entered prematurely, she urging that her motion to make definite and furnish a bill of particulars, served and filed February 20th, was such a motion as, under the provisions of Comp. Laws Utah 1917, § 6844, would prevent the taking of default until after it had been disposed of. In view of the fact that a bill of particulars, under our statute, may be demanded without a motion, and further in view that the motion referred to was not in form or substance in compliance with the statute with respect to demurrers, some question has arisen as to just what office this motion performed. Appellant contends that whether it be regarded as in effect a special demurrer, or a motion to make specific, or a demand for a bill of particulars, still it was such a motion as comes within the provisions of section 6844, supra, and was sufficient to prevent the entering of default. On the other hand, respondents contend that the motion in question was not such a motion as is recognized by law, and therefore did not, of itself, operate to extend time; that it was not a special demurrer, in that it did not point out the particulars wherein it was claimed the complaint is uncertain, and, if treated as a demand for a bill of particulars, it nevertheless would not operate to extend time. We are disposed to treat the motion as one demanding a bill of particulars. *Butler* v. *Robinson*, 76 Cal. App. 223, 244 P. 162. Respondents recognized it as such, and immediately served and filed a bill of particulars. The rule with regard to what operates as an extension of time is stated in 31 Cyc. under the title "Pleading," at page 134, as follows: "* * * Where oyer is demanded and given the party has the same time in which to plead thereafter as he had at the time of the demand, the time elapsing between the demand and the giving not being counted as a part of the time allowed for pleading, and the same is true in case of a demand for a bill of particulars, and of security for costs." See, also, *Plummer* v. *Weil*, 15 Wash. 427, 46 P. 648; *Dixon* v. *Swenson*, 101 N. J. Law, 22, 127 A. 591.

Many cases to the contrary are cited in respondents' brief, but these cases are from states which provide that default may be entered upon failure to answer, or upon failure to answer and demur, within the time specified; whereas, in this state, under the provisions of section 6844, supra, default may not be entered unless there is on file no answer, demurrer, or motion. This court has held that the pendency of a motion recognized by law and commonly employed in practice in our state will stay the right to a default judgment until the motion is disposed of (*Felt Townsite Co.* v. *Felt Inv. Co.*, 50 Utah 364, 167 P. 835) ; also that the rule, supported by numerous authorities that the pendency of a motion, the determination of which either way could not affect the right of the plaintiff to proceed with the cause, will not prevent the entering of default, is not applicable, because section 6844, supra, in terms recognizes a motion pending as staying the right to default (*Sanders* v. *Milford Auto Co.*, 62 Utah 110, 218 P. 126). But the pendency of such a motion does not indefinitely extend time for answer. *Taylor* v. *Guaranty Mtg. Co.*, 62 Utah 520, 220 P. 1067. Appellant's motion was in effect disposed of when respondents supplied their bill of particulars. No judicial action was either necessary or appropriate. The motion had served its purpose. Its force was spent. Under the rule announced in 31 Cyc. 134, and in *Dixon* v. *Swenson,* supra, appellant had no time remaining for answer because her motion was made on the very last day within which to plead. Clearly, upon receipt of the bill of particulars, appellant should at once have submitted her answer or made request of the court for an extension of time within which to plead.

Appellant further urges that the judgment is invalid because entered by the judge of the court below without the taking of testimony or the introduction of any evidence. The cause of action is one for the recovery of an attorney's fee for services rendered. The amount of the fee was not stipulated in the contract of

employment. Nor is it alleged that the amount of the fee was otherwise agreed upon by the parties. The prayer of the complaint is for the reasonable value of the services; that is, an unliquidated sum, specifying the amount claimed. Neither our statute (Comp. Laws Utah 1917, § 6844) nor any cited case under a similar statute, authorizes a judgment for an unliquidated amount alleged as a reasonable fee without proof of the value thereof.

The rule announced in Corpus Juris and supported by the great weight of authority is as follows: ∎

"Where the action is for an unliquidated claim or amount, a default admits plaintiff's right to recover something, but does not admit the amount to which he is entitled; this must be established by proof, on further proceedings to determine and assess the amount of the judgment, and there is no final judgment until the amount is ascertained.

"Where the cause of action is such that plaintiff, if entitled to recover at all, is entitled to recover a fixed or liquidated amount, or where the amount of his damages is ascertainable by pure calculation, defendant's default admits plaintiff's right to recover the sum demanded in the declaration or complaint, and judgment may be entered therefor, without further proof, and without an assessment of damages." 34 C. J. 176, 389, Judgments.

"Where the amount of plaintiff's claim or demand is unliquidated, defendant's default does not admit the amount which plaintiff is entitled to recover, and it is incumbent upon plaintiff to prove the amount. Under some statutes, where the amount of plaintiff's claim or demand is fixed or liquidated or is ascertainable by mere calculation, as in an action on a note, plaintiff is entitled to judgment for the amount claimed, without any other evidence thereof. But the instrument sued on must be produced or proof of its contents be offered." 34 C. J. 190, § 410, "Judgments."

The following authorities support this rule: *Home Brewing Co.* v. *American C. & O. Co.*, 58 Utah 219, 198 P. 170; *Ruth* v. *Smith*, 29 Colo. 154, 68 P. 278; *St. Louis & S. F. R. Co.* v. *Zumwalt*, 31 Okl. 159, 120 P. 640; *Landwehr* v. *Gillette*, 174 Cal. 654, 163 P. 1018; 3 Freeman on Judgments, § 1287, p. 2672; note to 20 L. R. A. (N. S.) 1; *Naderhoff*

v. *George Benz & Sons,* 25 N. D. 165, 141 N. W. 501, 47 L. R. A. (N. S.) 853.

The distinction between what matters are admitted by default and what must be proven before judgment is entered is illustrated in two California cases. In *Alexander* v. *McDow,* 108 Cal. 25, 41 P. 24, the action was on a note and for 10 per cent as attorney's fee. It was held that the sum prayed for as an attorney's fee was susceptible of exact determination by caluculation, and that it was proper, on default, for the clerk to enter judgment for such amount without proof. On the other hand, in the case of *Landwehr* v. *Gillette,* supra, the action was for a reasonable attorney's fee. The court said: "The default is an admission of some things. In an action of this character, for instance, it admits that by the terms of the note sued on the defendants are liable, in addition to principal and interest, for the payment of some amount as a reasonable attorney's fee, and that the plaintiff is entitled to have a recovery therefor. But this is as far as the default constitutes an admission. It simply admits that something is due as a reasonable amount for attorney's fees, but not that the amount alleged in the complaint constitutes it."

The judgment, entered by default and without evidence to sustain the amount thereof, was irregularly entered and should have been set aside.

It will be seen that the order of the lower court, made on March 10th, permitted the filing of an answer and directed a trial on merits; but the court, as a part of the same order, imposed as a condition of opening default that the appellant should turn over to the sheriff certain personal property alleged to be in her possession and owned by her. This she refused to do. The court, in making the order, was proceeding under Comp. Laws Utah 1917, § 6619, which, among other things, provides that the court may "also, upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mis-

take, inadvertence, surprise, or excusable neglect." At the end of this section is a limitation upon the power of the court in the prescribing of terms when relieving a party "upon such terms as may be just." This reads as follows: "Nothing but the actual, taxable costs of the action accruing, on and after the default, not including attorneys' fees, shall be imposed by the court under the provisions of this section authorizing the imposition of terms as a condition upon which relief is granted."

Under a statute similar to this, except that it provided that the court might require an "undertaking with sufficient sureties to the effect that the defendant will not sell, assign or transfer any of his property with intent to hinder, delay or defraud the plaintiff in the collection of his claim," it has been held that the court was not authorized to require the defendant to deposit in court a sum of money equivalent to plaintiff's claim. *Schwartz* v. *Schendel,* 24 Misc. Rep. 701, 53 N. Y. S. 773; *Stivers* v. *Ritt,* 29 Misc. Rep. 341, 60 N. Y. S. 507. The discretion lodged in the court by this statute to set aside a default or to relieve one from a judgment is to be exercised in the furtherance of justice. In doubtful cases the courts will incline toward granting relief from defaults to the end that a party may have a hearing. *Cutler* v. *Haycock,* 32 Utah 354, 90 P. 897. The trial court very properly opened default to allow answer and trial. The showing made by appellant was sufficient to justify the exercise of discretion in her behalf. But the court exceeded the limitations imposed by statute when it made the requirement of surrendering personal property as a condition to the filing of answer. Cases are cited by respondents to sustain the terms imposed, but it will be found that the states from which those cases come have no statutory limitation such as the one embodied in Comp. Laws Utah 1917, § 6619.

In view that the lower court made its order permitting the filing of an answer and a trial on merits, and that appellant has already filed an answer within the time fixed

by the order, we hold that the part of the order of March 10th permitting answer and directing trial on merits should be sustained; but that the part of the order imposing terms must be stricken as invalid.

The judgment is set aside, and the cause remanded to the district court of Salt Lake county for a trial on merits; appellant to recover costs.

CHERRY, C. J., and STRAUP, ELIAS HANSEN, EPHRAIM HANSON, JJ., concur.