## P. H. LAUFMAN & COMPANY, LIMITED, v. HOPE MANUFAC-
TURING COMPANY.

1. Under the supplement to the Practice act, approved May 3d, 1889 (*Pamph. L., p.* 334), an affidavit of merits is required when the declaration with the proper notice endorsed is served on the defendant personally, at the time of serving the summons, as well as when the same is so served after the defendant is in court.
2. The affidavit of merits must, in all such cases, be filed within ten days after the service of the declaration and notice.
3. Under the supplement above mentioned, service of the declaration and notice upon the secretary of a corporate defendant is not service upon the defendant personally.

On contract.

Defendant is a New Jersey corporation.

Summons for $3,000; tested April 22d, 1891; returnable April 30th, 1891; declaration, including bill of particulars and statement of amount claimed, was attached, and a notice to defendant endorsed that an affidavit of merits was required to be filed within ten days after service upon it, and a plea in thirty days after such service, in case defendant intended to make a defence.

Copy of summons, declaration and notice was served by the sheriff of Gloucester county on the secretary of the defendant company by delivering them to him personally April 22d, 1891. Affidavit of such service is endorsed on papers on file.

No affidavit of merits was filed by defendant within ten days after such service.

On May 4th, 1891, judgment by default was entered against defendant for amount claimed by plaintiff, with costs.

An affidavit of the facts was filed, and a rule to show cause why the judgment should not be opened was allowed defendant.

Mr. Justice Reed, after the hearing, turned it into a rule to show cause, returnable before the Supreme Court forthwith.

Argued at June Term, 1891, before Justices DEPUE, DIXON and REED.

For the plaintiff, *Leaming & Black.*

For the defendant, *Thomas E. French.*

The opinion of the court was delivered by

DIXON, J. The first question in the case is, whether, under the supplement to the Practice act, approved May 3d, 1889 (*Pamph. L., p.* 334), an affidavit of merits is required from the defendant, to prevent the entry of judgment at the expiration of ten days after service of the declaration and notice to file such affidavit, in cases where the declaration and notice are served at the time of the service of the summons.

Clearly, the first section of the supplement requires such affidavit only when the declaration and notice are served "*after the defendant is in court;*" but, as clearly, the third section provides for service of the declaration with the notice endorsed *at the time of the service of the summons,* and the design of this provision must have been to exact in such cases also the affidavit of merits, which is the only new feature brought by the supplement into our practice. While this is conceded, it is urged that where service is made under the third section, the ten days, within which the affidavit of merits must be filed, will not begin to run until the defendant is in court. This, however, is inconsistent with the plain language of the act, which always speaks of the date of the service of the declaration as the time from which the ten days shall be reckoned.

The second question in the case is, whether service of the declaration and notice upon the secretary of a corporation is such service as this supplement requires.

The first section requires service on the defendant personally, after the defendant is in court; the third section provides another time for service, but is silent as to the mode of service. The proper implication is that the same mode of service is

necessary under the third section as under the first—that is, service on the defendant *personally.* This form of expression indicates something more restricted than would be meant by mere service on the defendant. The latter would include service upon any person who, by act of the party or by intendment of law, was constituted the agent of the party to receive the service. *Dock* v. *Elizabethtown Steam Manufacturing Co., 5 Vroom* 312. But this statute calls for service on the defendant personally, which excludes service on mere agents. Whether such a service can be made upon a corporation need not now be decided. If it be possible, it must be by service upon the stockholders or the directors or trustees, when convened as a body, for only such a body can, in any fair sense, be said to constitute the corporate personality. Other persons are but agents of the corporation.

Our conclusion is, that service on the secretary of a corporate defendant is not service on the defendant personally, which the statute requires, in order to entitle the plaintiff to judgment after ten days, for want of an affidavit of merits. The present judgment must therefore be set aside, with costs to the defendant.