THE MORRIS PLAN COMPANY OF NEW YORK, A BANKING CORPORATION OF THE STATE OF NEW YORK, PLAINTIFF, v. EMIL C. LORBER AND ADOLPH MEYER, DEFENDANTS.

Decided January 21, 1933.

For the plaintiff-respondent, *Louis Ogust.*

For the defendants-prosecutors, *Alex Eber* and *Jacob Ratner.*

CASE, J. On November 25th, 1932, defendants were personally served with summons and complaint in an action on contract. The complaint was endorsed in accordance with the rule requiring the filing of an affidavit of merits. Four days thereafter defendants made demand upon plaintiff for a bill of particulars. On December 14th, 1932, no affidavit of merits having been filed, judgment for the plaintiff was entered by default against both defendants. Defendants now seek to have the judgment vacated as improvidently entered. No defense, meritorious or otherwise, is interposed. The defendants rely upon the proposition that the demand for a bill of particulars stopped the running of the time within which the affidavit of merits should be filed and that, inasmuch as no bill of particulars was furnished in response to the demand, the judgment by default was improperly entered.

Supreme Court rule 77 (Practice act, 1912, rule 56) provides that "in actions on contract plaintiff may enter judgment unless the defendant or his agent or attorney shall, within ten days after personal service of complaint, file an

affidavit of merits, stating that the affiant believes that the defendant has a just and legal defense to the action on the merits of the case  *  *  *," provided the complaint be endorsed with notice thereof. Defendants seek to extend and to have the benefit of the practice relating to a pleading, namely, that a defendant has the same time to plead after receiving the bill of particulars that he had at the time of demanding the same. *Anonymous,* 16 *N. J. L.* 346; *Dixon* v. *Swenson,* 101 *Id.* 22, 24; 127 *Atl. Rep.* 591. But the affidavit of merits is not a pleading and performs none of the functions of a pleading. Pleadings are to raise and make certain the issues upon which the controversy is to be waged. As Blackstone puts it (3 *Bl. Com.* 293), they are "the mutual altercations between the plaintiff and the defendant." Widening the classification of pleadings to include demurrers and motions or other procedures that take the place of demurrers the affidavit of merits is still outside the pale. It is not even directed towards a pleading. It is not required to contain, and in actual practice does not ordinarily contain, a specification of defenses or an allegation of the facts.

Citation of the decisions of other states is not particularly helpful because of the difference in the requirements of the respective statutes or rules; but the Supreme Court of Pennsylvania held that an "affidavit of defense" in the Pennsylvania practice is no part of, and has an entirely different function from, the pleadings, and that its sole use is to prevent a summary judgment by default under the statute (*Muir* v. *Preferred Accident Insurance Company of New York,* 53 *Atl. Rep.* 158), and the Supreme Judicial Court of Massachusetts, in *Indiana Flooring Co.* v. *Rudnick,* 127 *N. E. Rep.* 428, held that the "affidavit of defense" constituted no part of the pleadings.

The New Jersey rule is a development from *Pamph. L.* 1889, *ch.* 210, and section 97 of the 1903 Practice act. *Pamph. L.* 1903, *ch.* 247, as amended by *Pamph. L.* 1906, *ch.* 306; 3 *Comp. Stat., p.* 4080, § 97. In *Van Dyke* v. *Oliphant* (1890), 13 *N. J. L. J.* 92, Mr. Justice Garrison said

that the effect of the provision is two-fold; first, that it deprives the defendant of the right to plead unless he has, within the ten-day period, filed his affidavit of merits and, second, that it authorizes the entry of judgment at the end of the ten days unless the defendant shall have filed such an affidavit; and Mr. Justice Dixon, in *Laufman & Co.* v. *Hope Manufacturing Co.,* 54 *N. J. L.* 70; 23 *Atl. Rep.* 305, clearly assumes that the defendant, in appropriate instances, must file his affidavit of merits within the ten-day period or be subject to the entry of judgment against him.

The plain purpose of an affidavit of merits, as required by our rule, is to prevent the defendant from delaying judgment by recourse to pleadings or proceedings incidental thereto unless the situation is such that he, or his agent or attorney may truthfully swear to a belief in the existence of a just and legal defense to the action on the merits, and unless an affidavit of that content be speedly filed. It is to prevent pettifogging delay. Resort to a demand for a bill of particulars as a means of procuring delay in the taking of judgment in an action to which there is no meritorious defense is quite as opposite to the spirit and the letter of the rule as would be the filing of an answer for that purpose. Plaintiff's judgment was properly entered.

The rule to show cause is dismissed, with costs, against the prosecutors.