CHARLES BLUM, RESPONDENT, v. JERSEY CITY LUMBER COMPANY AND MICHAEL J. SEXTON, APPELLANTS.

Argued October 18, 1933—Decided January 5, 1934.

For the appellants, *Richard Doherty.*

For the respondent, *John H. Jobes.*

The opinion of the court was delivered by

PARKER, J. The appeal is from a judgment entered pursuant to a special rule signed by the present Chief Justice, and based on the grounds that defendants had failed to file any affidavit of merits within ten days after service of summons and complaint, and had likewise failed to file any answer within twenty days after such service. Only one ground of appeal is assigned, viz.:

"The statutory course of pleading having been interrupted through the plaintiff's unlawful and improvident entry of a previous judgment against the defendants, December 2d, 1932, which judgment was opened and set aside on January 22d, 1933, the judgment appealed from was unlawfully and prematurely entered herein without the defendants being first ruled to plead and before the defendants were in default in respect of answering the complaint."

We consider that the "statutory course of pleading" was not "interrupted" because it was never really set in motion; and that the entry of judgment on December 2d, 1932, was

regular, and neither unlawful nor improvident. It was indeed, by direction of the Chief Justice, opened and set aside; but even then no course of pleading was set in motion, and no rule to plead was required.

The summons and complaint having been duly served, with the usual notice calling for the filing of an affidavit of merits within ten days, the defendants waited until the last day, December 1st, and on that day served notice of motion to strike out the complaint, to be heard on December 16th. No affidavit of merits was filed then or at any time since.

It seems to be assumed by the appellants that the service of that notice of motion relieved them from any obligation to file an affidavit of merits; but that is not the law.

Affidavits of a meritorious defense seems to have originated in this state in 1855. *Pamph. L., p.* 297, § 35. Until 1889 it was merely required that they be filed with the plea or demurrer, which could be treated as a nullity in the absence of such affidavit. Rev. "Practice," section 114. But the act of 1889 (*Pamph. L., p.* 334), repeated as section 97 of the Practice act of 1903, specifically provides that in actions on contract the plaintiff shall be "entitled to judgment" unless an affidavit of merits is filed within ten days after service of declaration or within such further time as the court or a judge may grant; provided a notice requiring such affidavit is endorsed on and served with the declaration, and that *in case* such affidavit is filed, the defendant shall have twenty days from service of the declaration in which to plead or demur. In 1906 there was an amendment, but in no particular affecting the present controversy. *Pamph. L., p.* 677. The Practice act of 1912, repealing this section, substitutes a rule to the same effect, now rule 77.

It seems plain, therefore, that the filing of an affidavit of merits became and remained a prerequisite to the right to plead or demur; in other words, unless there was an affidavit of merits, there was no right to plead or demur. And in *Van Dyke* v. *Oliphant,* 13 *N. J. L. J.* 92, the late Mr. Justice Garrison held that the filing of a plea within ten days, without an affidavit, would not prevent a default judgment. It

has always been common practice to enter a default judgment as of course for want of an affidavit of merits. So, if under the former practice, these defendants had interposed within the ten days a demurrer but without affidavit of merits within that time, plaintiff would nevertheless have been entitled to his judgment by default.

A similar situation arises under the present practice. By the Practice act of 1912, and rule 26 annexed thereto (now rule 40 of the Supreme Court) "demurrers are abolished. Any pleading may be struck out on motion on the ground that it discloses no cause of action, defense or counter-claim respectively." Thus the motion is substituted for the demurrer; and it is fully settled that such motion is tantamount to a demurrer. *Koewing* v. *West Orange*, 89 *N. J. L.* 539; *Savage* v. *Public Service Railway Co.*, 95 *Id.* 432; *Lehigh Valley Railroad Co.* v. *United Lead Co.*, 102 *Id.* 545; *Lully* v. *National Surety Co.*, 106 *Id.* 81.

The motion to strike out the complaint was based on grounds which made it tantamount to a general demurrer at common law. It suffices to quote the last one, viz., that "the allegations of the complaint are insufficient in law to constitute a cause of action against the defendant * * *." The obligation to file an affidavit of merits was not met by any such motion. As was well said in *Morris Plan Co.* v. *Lorber*, 11 *N. J. Mis. R.* 67; 165 *Atl. Rep.* 76, in which defendant had demanded a bill of particulars and claimed that this postponed the time to file an affidavit of merits, "the plain purpose of an affidavit of merits, as required by our rule, is to prevent the defendant from delaying judgment by recourse to pleadings or proceedings incidental thereto, unless the situation is such that he, or his agent or attorney may truthfully swear to a belief in the existence of a just and legal defense to the action on the merits, and unless an affidavit of that content be speedily filed. It is to prevent pettifogging delay. Resort to a demand for a bill of particulars as a means of procuring delay in the taking of judgment in an action to which there is no meritorious defense is quite as opposite to the spirit and the letter of the rule as would be the filing of an answer for that purpose."

The judgment of December 2d was properly entered. That it was later opened does not help the defendants. At no time, from the service of the summons up to the second judgment, in March, or so far as appears at any time since, did the defendants, or either of them, lay any foundation for the right either to answer or attack the complaint by compliance with the requirement of an affidavit of merits. Such an affidavit was required in order to set in motion a "course of pleading" in the true sense of the word. An affidavit of merits, as remarked in *Morris Plan Co.* v. *Lorber, supra,* is not a pleading. The cases of *Hoey* v. *Aspell,* 62 *N. J. L.* 200; *Vanderbilt* v. *Traction Co.,* 79 *Atl. Rep.* 85, and *Berry* v. *Cahanan,* 7 *N. J. L.* 77, 135, are inapplicable to the matter in hand. Defendants in this case were never entitled to file any pleading at any time after December 1st.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR' WELLS, DILL, JJ.   15.

*For reversal*—None.