**E. INGRAHAM CO. v. GERMANOW et al.**

(Circuit Court of Appeals, Second Circuit. February 2, 1925.)

No. 296.

1. **Patents ⊂⇒327—Parties estopped to deny validity of patent claims by consent decree, notwithstanding decree holding claims invalid in subsequent suit, to which they were not parties.**

Defendants in patent infringement suit, who consented to entry of decree for plaintiff, declaring certain claims of patent valid, were estopped to deny validity of such claims on plaintiff's motion to punish them for contempt for noncompliance with such consent decree, though issues were not litigated, and though such claims were held invalid in subsequent suit for infringement, to which such defendants were not parties.

2. **Contempt ⊂⇒39—Right to punish defendant for civil contempt not discretionary.**

The right to punish a defendant for a civil contempt is not discretionary, though form and extent of punishment must be decided by the District Court.

3. **Contempt ⊂⇒66(8)—Form and extent of punishment for civil contempt must be decided by District Court.**

The Circuit Court of Appeals, on determination that District Court erred in denying plaintiff's motion to punish defendants for contempt, will remit matter without suggestion as to form and extent of punishment, since form and extent of punishment must be decided by the District Court.

Appeal from the District Court of the United States for the Western District of New York.

Suit by the E. Ingraham Company against Harry Germanow and another. A consent judgment was entered for the plaintiff, and from an order denying plaintiff's motion to punish defendants for contempt, plaintiff appeals. Reversed and remanded.

O. Ellery Edwards, of New York City, for appellant.

Davis & Simms, of Rochester, N. Y., for appellees.

Before HOUGH, MANTON, and HAND, Circuit Judges.

HAND, Circuit Judge. The suit is in equity to enjoin the defendants from the infringement of a patent. On consent of both sides the District Court entered a decree on June 29, 1922, declaring that claims 3 and 4 of the patent in suit were valid, that the plaintiff owned the patent, that the defendants had infringed the claims, and that they should be enjoined. Profits, damages, and costs were waived. Later, and on February 4, 1924, in another suit against other parties, but upon the same patent, this court held that claims 3 and 4 were invalid, and dismissed the bill. The defendants, after the decree in the suit at bar, took out a license from the plaintiff, which has now expired, and, acting upon the decision of this court that the claims are invalid, they now refuse to be bound by the consent decree, and continue to make and sell the articles covered by it. On October 21, 1924, the plaintiff moved to punish them for their contempt in so continuing, and the

learned District Judge denied the motion. This appeal is from the order of denial.

[1-3] We do not see how the defendants can take advantage of the decision of this court in the later suit, to which they were not parties. The decree entered upon their consent is a good estoppel, though the issues were not litigated, and while it stands they are as much bound by it as though the later suit had never been brought. Central Life Securities Co. v. Smith, 236 F. 170, 149 C. C. A. 360 (C. C. A. 7); Pooler v. Hyne, 213 F. 154, 159, 129 C. C. A. 506 (C. C. A. 7). While the decree stands they must obey it, and the plaintiff is entitled to the usual sanctions for its enforcement. We are not aware that the right to punish a defendant for a civil contempt is discretionary, though naturally the form and extent of that punishment must be decided by the District Court, to whose hands we remit it without any suggestion.

The decree is reversed, and the cause remanded, for further proceedings not inconsistent with this opinion.