433 P.2d 608

**BRASHER MOTOR AND FINANCE COMPANY, Inc., a Utah corporation, Plaintiff and Respondent,**

v.

**George ANDERSON, Select Cars, Inc., a Utah corporation, and Tony Chapman, Defendants and Appellant.**

**No. 10821.**

Supreme Court of Utah.

Nov. 7, 1967.

Gordon I. Hyde, Salt Lake City, for appellant.

Duane B. Welling, Salt Lake City, for respondent.

TUCKETT, Justice:

The plaintiff brought this action to recover from the defendants, Select Cars, Inc., and George Anderson, upon certain notes issued by the corporate defendant to the plaintiff in connection with "a floor plan" arrangement whereby the plaintiff agreed to furnish credit in connection with the defendants' business.

Plaintiff seeks to recover from George Anderson upon a certain instrument which the plaintiff contends amounts to a guarantee by Anderson of the payment of the notes issued by the corporation in connection with the business. At the time of trial the court concluded that the instrument in question was ambiguous and permitted the introduction of testimony to assist it in ascertaining the intention of the parties. The instrument in question is as follows:

This is to certify that the undersigned George Anderson is conducting a Used Car Business at 2580 South Main, Salt Lake, Utah, under the name of Select Cars, Inc. which business and the primary assets and business license thereof, stand in the name of Select Cars, Inc. In consideration for the Salt Lake Auto Auction and Brasher Motor and Finance Co., Inc. dealing with the undersigned in connection with said business, I hereby authorize Tony Chapman to sign any drafts, contracts or documents on behalf of said business and hereby jointly and separately agree that each and both of us shall be bound by the signature of either of us in connection with such transactions.

/s/ Select Cars Inc.
George Anderson Pres.
George Anderson

Dated this 24 day of July, 1964 at Salt Lake City

After a consideration of the testimony, the court construed the instrument so as to bind the defendant George Anderson as a guarantor of the notes issued by the corporate defendant. The court entered judgment in favor of the plaintiff and against the said George Anderson and Select Cars, Inc., and also awarded the plaintiff judgment for attorney's fees based upon the promises in the notes to pay attorney's fees in case of default.

We are in accord with the court's decision that the instrument in question was in fact ambiguous and that other evidence

was proper to aid the court in determining the intention of the parties.[1] We see no reason to disturb the findings of the court that the defendant Anderson did in fact intend to be bound by the instrument in question, and that he intended to guarantee payment to the plaintiff of the notes issued by the corporate defendant.

Careful reading of the instrument in question would tend to support the court's conclusion. It will be noted that the instrument contains the following language:

> *This is to certify that the undersigned George Anderson is conducting a Used Car Business * * * under the name of Select Cars, Inc. which business and the primary assets and business license thereof, stand in the name of Select Cars, Inc. * * * I hereby authorize Tony Chapman to sign any drafts, contracts or documents on behalf of said business and hereby jointly and separately agree that each and both of us shall be bound by the signature of either of us in connection with such transactions.* (Emphasis added.)

The quoted language would seem to indicate that the defendant George Anderson was in fact entering into the agreement as an individual. There was also ample testimony tending to show that at the time of the negotiations between the parties it was intended that the defendant George Anderson personally guarantee the payment of obligations of the corporate defendant to be issued to the plaintiff in connection with the plaintiff supplying credit for the business.

▋ The court awarded to the plaintiff attorney's fees based upon the promises set forth in the notes issued by the corporate defendant. It does not appear that there was evidence to support the award of attorney's fees nor does it appear that the defendants agreed that the court might fix the amount of such attorney's fees. In view of the prior decisions of this court it would appear that the granting of attorney's fees based upon the record in this case is error.[2]

The judgment of the court below is affirmed, except as to the award of attorney's fees. No costs awarded.

CROCKETT, C. J., and ELLETT, J., concur.

HENRIOD, Justice (Dissenting):

I respectfully dissent. The subjoined copy represents the sole issue in this case, —that of whether the document represents a personal guarantee by Anderson to pay corporate debts:

---

1. Milford State Bank v. West Field Canal Irrigation Co., 108 Utah 528, 162 P.2d 101; Mathis v. Madsen, 1 Utah 2d 46, 261 P.2d 952.

2. F.M.A. Financial Corp. v. Build, Inc., 17 Utah 2d 80, 404 P.2d 670.

A F F I D A V I T

   This is to certify that the undersigned George Anderson is conducting a Used Car Business at 2580 South Main, Salt Lake, Utah, under the name of Select Cars, Inc. which business and the primary assets and business license thereof, stand in the name of Select Cars, Inc. In consideration for the Salt Lake Auto Auction and Brasher Motor and Finance Co., Inc. dealing with the undersigned in connection with said business, I hereby authorize Tony Chapman to sign any drafts, contracts or documents on behalf of said business and hereby jointly and separately agree that each and both of us shall be bound by the signature of either of us in connection with such transactions.

                                    _Select Cars Inc_
                                    _Geo Anderson Pres._
                                    George Anderson

Dated this __24__ day of July, 1964 at Salt Lake City
Subscribed and sworn to before me this __24__ day of July, 1964

_Myron W. Horne_
NOTARY PUBLIC

The following is a specimen signature of Tony Chapman

                                    _Tony Chapman_
                                    Tony Chapman

Subscribed and sworn to before me this _____ day of July, 1964

                        ———◆———

   The trial court allowed, over objection, the admission of parol evidence to determine the intentions of the parties on the theory or assumption that the document was ambiguous. I can see nothing ambiguous at all in this instrument. It clearly guar-

antees only the signatures of Chapman and Anderson. There is nary a word guaranteeing the payment of corporate debts or those of anyone else. Banks and others daily guarantee signatures on documents, but certainly would be startled to know that they were guaranteeing anything else,— surely not obligations of the signator to third persons, if the signature is genuine.

Concededly, the signature on the document here was genuine, but it was the signature of a corporation by its President, Anderson, and not by Anderson as an individual.[1] There is no word in the instrument saying that Anderson would stand good for *the corporation*,—but only for a genuine signature of another to bind *the corporation*. The only way anyone could construe this document otherwise would be to sail out of the four corners of the paper in a ship driven by winds of speculation.

If this case permits parol evidence in a case like this, we may as well scrap the parol evidence rule,[2]—and for that matter, any written instrument, let the people simply say what their intentions were and fire the scriveners.

1. See St. Joseph Valley Bank v. Napoleon Motors Co., 230 Mich. 498, 202 N.W. 933 (1925); Salzman Sign Co. v. Beck, 10 N.Y.2d 63, 217 N.Y.S.2d 55, 176 N.E.2d 74 (1961).

2. Jensen v. Rice, 7 Utah 2d 276, 323 P.2d 259 (1958).

Besides, to hold Anderson as a guarantor here would fly in the teeth of the Statute of Frauds,[3] besides rewriting the contract of the parties.

CALLISTER, J., concurs in the dissenting opinion of HENRIOD, J.

3. Title 25–54(2): "In the following cases every agreement shall be void unless such agreement, or some note or memorandum thereof, is in writing *subscribed by the party to be charged therewith:* * * * (2) Every promise to answer for the debt, default or miscarriage of another." See Salzman v. Beck, footnote 1. (Emphasis added.)