461 P.2d 727

Myra K. BUTLER, now known as Myra K. Seethaler, Plaintiff and Respondent,

v.

Marvin J. BUTLER, Defendant and Appellant.

No. 11662.

Supreme Court of Utah.

Nov. 24, 1969.

Jackson B. Howard, of Howard & Lewis, Provo, for appellant.

Harley W. Gustin, of Gustin & Gustin, Salt Lake City, for respondent.

ELLETT, Justice.

The parties hereto were twice married and twice divorced. They have three minor children, a girl who was almost 16 years of age and two boys whose ages were 11 and six at the time of the second divorce. The final decree split the custody of the children: September through May to the plaintiff, and June through August to the defendant. The decree became final on January 17, 1968, and four weeks later, on Valentine's Day, the plaintiff married a new husband. When the defendant undertook to get possession of the children for the summer months of 1968, he had considerable difficulty and a great deal of frustration in his efforts to do so. In fact, he did not get the girl at all and had to play a game of hide and go seek for some seven days before he finally got possession of the two boys. He cited the plaintiff into court to have her held in contempt or to have the court award him total custody of the children.

The only testimony at the hearing was that given by the defendant. The children were present in court but were not called as witnesses. While there was no positive evidence that the plaintiff was the cause of the frustration of defendant, the circumstances were such that the trial court could well have found that the fault was hers. The evidence strongly suggested at least that she failed and refused in every respect to cooperate with the defendant in his efforts to see his children. However, we were not present at the hearing and, therefore, are not in as good a position to make

a determination in the matter as was the trial judge. The fact that neither the children nor the plaintiff was called to the witness stand could have prompted the trial judge to doubt the testimony of the defendant.

At the end of the defendant's case the court granted a motion of plaintiff to dismiss the petition, and he did dismiss it insofar as a change of custody was sought or alternatively to hold the plaintiff in contempt. The court made findings pursuant to Rule 41(b), U.R.C.P., and granted some relief to the defendant, which is not now before us.

■ The defendant complains because the court did not change the venue from the county where the decree was entered to the county where plaintiff now resides, which incidentally just happens to be the county in which defendant's counsel lives and maintains his law office. This is a matter of discretion on the part of the trial court, and it does not appear that he abused his discretion in this regard.

■ The defendant also claims error in the sustaining by the court of objections to obviously hearsay statements. He contends that when the custody of children is involved, the rules of evidence should not be strictly followed. It well may be that in certain respects where the welfare of children is concerned, the court might want to have knowledge of facts which could be obtained only by hearsay means. However, in this matter there was only one occasion when there was a tender of proof as to what the answer would be if allowed to be made. In connection with all other objections to the ruling, the record is silent as to whether the witness would be able to give any evidence at all in response to the question asked. The persons who are supposed to have made the hearsay statements could have been called, since they were in court. There was no proof which would have connected the hearsay statements now claimed to have been made to the plaintiff. We do not find any error in the court's rulings on these matters.

The defendant assigns as error a ruling by the trial court which awarded an attorney's fee in the amount of $600 to the plaintiff, claiming there was no evidence to support the award.

This court has consistently held that an attorney's fee may not be awarded where there is nothing in the record to sustain the award either by way of evidence or by stipulation of the parties as to how the court may fix it.[1]

1. Hurd v. Ford, 74 Utah 46, 276 P. 908 (1929); F. M. A. Financial Corp. v. Build, Inc., 17 Utah 2d 80, 404 P.2d 670 (1965); Steadman v. Lake Hills, 20 Utah 2d 61, 433 P.2d 1 (1967); Brasher Motor & Finance Co. v. Anderson, 20 Utah 2d 104, 433 P.2d 608 (1967); Hatch et al. v. Sugarhouse Finance Co., 20 Utah 2d 156, 434 P.2d 758 (1967).

The plaintiff contends that in view of the proceedings in court, there was no need for proof of the value of the attorney's fees. Counsel for plaintiff proposed that if he were sworn and testified, he would say that $750 is a reasonable fee for his services. Thereafter the record reveals the following:

THE COURT: Do you have anything that you want to say, Mr. Howard?

MR. HOWARD: Well, Your Honor, there is no thing more important to the lawyer than the payment of his attorney's fees, and I don't oppose attorney's fees, per se. I am in favor of the payment of fees.

But I do take this position: You're not entitled to attorney's fees after the divorce automatically, and you're certainly not entitled to attorney's fees to defend a matter that's created by your own conduct. And I've got some authorities on it and it's—

THE COURT: (interposing) You might not be automatically of the divorce if there is income both ways.

THE COURT: (sic) That's true.

THE COURT: So I don't suppose there's any point to be made there.

MR. HOWARD: Well, yes. But the thing I'm trying to say is that we're forced into this court because she deprives us of our rights of custody, and so we come into court asking for relief.

That's the only reason we came. That's the primary reason we came.

And then she says: "My gosh, I had to come to court to defend it, so he ought to pay me attorney's fees."

Now that's like heaping insult on to injury. That just isn't fair either.

And we're here because she wouldn't do what the decree said she should do. And I think there ought to be sanctions imposed.

MR. GUSTIN: I don't think there is any evidence as to that effect.

MR. HOWARD: Well, all of the evidence is to that effect. And I have another brief on that subject, Your Honor.

THE COURT: Well, I think I would award $600.00 for this number of depositions.

MR. HOWARD: Then I have one other authority to submit to you, Your Honor. And if you will just let me have a moment, I will tell you about that.

And I don't think the court can grant attorney's fees on the basis of the evidence. But I would submit it.

THE COURT: Well, I'll grant $600.-00.

MR. HOWARD: All right.

Now may I address myself to the point of contempt?

█ The next to the last quoted statement of Mr. Howard, counsel for defend-

ant, raises the issue as to whether the evidence would sustain a finding to support an order awarding an attorney's fee to the plaintiff. The last statement simply says, "All right," when the court awarded $600 as counsel fees. Under the prior rulings of this court, the award of attorney fees cannot be sustained, and that part of the order of the trial court is reversed.

Finally, the defendant assigns as error the failure of the trial court to hold plaintiff in contempt. Ordinarily, a criminal contempt matter is to be determined in the sound discretion of the court. This is so because the judge involved knows better than anybody else whether he has been the object of contemptuous conduct. However, a civil contempt such as this is claimed to be comes under a different rule. Here the contempt is based upon a failure or refusal to do or to refrain from doing an act ordered by the court for the benefit of the other party. See 17 C.J.S. Contempt § 57.

 The duty to hold in contempt in a civil matter in order to afford relief to another party does not lie within the discretion of the trial court, although the form of the punishment necessary to insure compliance with orders is, and should be, within the sound discretion of the court. The case of E. Ingraham Co. v. Germanow et al., 4 F.2d 1002 (2d Cir. 1925) is in point. There the district court denied a motion to hold a party in contempt. Upon appeal the circuit court held:

While the decree stands they must obey it, and the plaintiff is entitled to the usual sanctions for its enforcement. We are not aware that the right to punish a defendant for a civil contempt is discretionary, though naturally the form and extent of that punishment must be decided by the District Court, to whose hands we remit it without any suggestion.

 While we have the right to review the failure of a district court to hold a party to be guilty of a civil contempt, we cannot say from the record made in this case that the trial judge erred in his failure to find the plaintiff's conduct to be contemptuous. It will also be noticed that most of the frustrated attempts to get the children occurred in May, while the decree provided that defendant was to have custody during *June, July,* and *August.*

The parties to this lawsuit have living standards far above that of the average family, and they are intelligent people. It is hoped that in the future there will be cooperation between them so that each may have a chance to love their children and to enrich the lives of their children.

The order of the trial court is affirmed except as to the award of attorney's fee, and as to that item it is reversed.

In view of our holding herein, it is ordered that each party bear his own costs incurred in connection with this appeal.

CROCKETT, C. J., and CALLISTER, TUCKETT, and HENRIOD, JJ., concur.