484 P.2d 170

**JOHN DEERE COMPANY OF MOLINE,**
a corporation, Plaintiff and
Respondent,

v.

**Harold BEHLING and Jean Behling, co-partners, etc., Defendants and Appellants.**

No. 12205.

Supreme Court of Utah.

April 19, 1971.

Stanley V. Litizzette, Helper, E. J. Skeen, R. C. Skeen, of Skeen & Skeen, Salt Lake City, for defendants and appellants.

S. J. Sweetring, Price, for plaintiff and respondent.

CROCKETT, Justice:

Plaintiff John Deere Company sued to recover as assignee of a note and security agreement by which the defendants Behling had purchased farm machinery from the assignor Jensen Equipment Co. of

Cleveland, Utah. The defendants conceded the execution of the documents mentioned, but attempted to assert as defenses a partial failure of delivery of the machinery and breach of warranties thereon. Plaintiff John Deere took the position that it was a bona fide purchaser for value of the note and security agreement and disclaimed any responsibility for any failure of performance or of warranties of the seller Jensen.

The execution of the documents and their assignment to the plaintiff being admitted, the trial court correctly ruled that this established prima facie that plaintiff was a holder in due course and entitled to recover,[1] and cast upon the defendants the burden of proving their contention that the plaintiff was not a holder in due course and other affirmative defenses. Upon a trial of the disputed issues, the trial court made findings and entered judgment in favor of the plaintiff. Defendants appeal.

The transaction in which the defendants signed the note and security agreement occurred on November 28, 1967. They contracted to purchase from Jensen Equipment Co. certain John Deere farm machinery: a tractor, a loader, a grain drill, a three-bottom plow, and a used spreader. In support of their argument that their claimed defenses against Jensen Equipment should be assertable against the latter's assignee, plaintiff John Deere, defendants place reliance on certain aspects of the evidence. In connection with the purchase, Jensen had telephoned plaintiff John Deere, who was its supplier, to inquire if the latter would approve the defendants' credit and finance the sale. They received assurance that plaintiff would do so and take assignment of the documents. In the conversation it was also mentioned that Jensen did not have some of the items in stock, but they would be forwarded from John Deere to Jensen and delivered to the defendants. Defendants urge that this indicates such close cooperation between John Deere and Jensen that the latter should be deemed an agent whose knowledge and actions should be imputed to the plaintiff; and that this is particularly so because plaintiff John Deere, as the manufacturer of the equipment, is obliged to warrant its quality and suitability for its intended use.

It is our duty to survey the record in the light favorable to the trial court's findings and judgment:[2] in this instance, his refusal to find in accordance with the defendants' asserted defense. Nevertheless, we have attempted to discover what merit there might be in the defendants' attack upon the judgment. A major obstacle to their suc-

---

1. See Sec. 70A–3–307, U.C.A.1953 (of Uniform Commercial Code) ; Jaeger and Branch, Inc. v. Pappas, 20 Utah 2d 100, 433 P.2d 605.

2. Huber v. Deep Creek Irr. Co., 6 Utah 2d 15, 305 P.2d 478; Bramel v. Utah State Road Comm., 24 Utah 2d 50, 465 P.2d 534.

cess is that there are clearly expressed and adequate warnings in the documents in question by which the purchasers (defendants) agree that no such defenses or breaches of warranty can be asserted against third persons (plaintiff John Deere). There is a so-called "Waiver of Defense" clause which states:

> * * * We [purchasers] will settle all claims of any kind against seller [Jensen] directly with * * * seller and if seller assigns this note we will not use any such claim as a defense, setoff or counterclaim against any effort by the holder to enforce this instrument.

We realize that there are cases such as those relied upon by the defendant, which hold that under some circumstances, covenants against asserting defenses may be unenforceable as contrary to equity and public policy.[3] But upon an examination of such authorities they will generally be found to rest upon the proposition that there is actually some good reason why in justice and equity the covenant should not be enforced, such as where there was a substantial or total failure of consideration, or more basically, that the purchaser should not be required to contract contrary to the existing facts: that is, to agree that one who takes an assignment of such a document is a holder in due course, when in fact he is not.

This court has long since recognized the law as being in accord with that doctrine: that such provisions stand on the same footing as other covenants in a contract, and that absent some persuasive reason for avoiding them, they should be given effect. In the case of Anglo-California Trust v. Hall[4] it was stated:

> * * * but courts cannot rewrite contracts into which parties have seen fit to enter, unless fraud or duress or something against public policy entered into the transaction, a purchaser who waives defenses, as the defendant has done, cannot obtain relief. * * *

Not inconsistent with this is the provision of our newly adopted Consumer Credit Code[5] which invalidates waiver of defense clauses as to consumer goods, but excludes sales "primarily for an agricultural purpose." This governs this transaction and is in accord with Sec. 70A–9–206, U.C.A. 1953, of our Commercial Code which sanctions the enforcement of such clauses where the assignee takes the note in good faith.

3. Massey-Ferguson, Inc. v. Utley, 439 S.W. 2d 57 (Ky.Ct.App.1969) ; Industrial Loan Co. v. Grisham (Mo.App.), 115 S.W.2d 214; San Francisco Securities Corp. v. Phoenix Motor Co., 25 Ariz. 531, 220 P. 229; American National Bank v. A. G. Sommerville, Inc., 191 Cal. 364, 216 P. 376. See also "The Status of UCC, Secs. 9–206—The Waiver of Defense Clause" in 31 Univ. Pittsburgh Law Review, 687.

4. 61 Utah 223, 211 P. 991.

5. Chap. 18, S.L.U.1969, Sec. 2.404.

Our conclusion sustaining the view of the trial court that the defendants had not overcome the "Waiver Of Defense" clause renders it unnecessary to consider and resolve the contentions of the parties concerning other provisions of the contract relating to warranties and whether they could properly be asserted against the plaintiff.

Against the background of the law as above discussed, we revert to the controlling question in this case: whether the defendants so established their affirmative defense that the trial court was obliged to so find and render judgment in their favor. We could not so rule and reverse unless the evidence is so persuasive that reasonable minds must so find.[6] To be considered in connection with the evidence hereinabove recited as being favorable to the defendant's position are the facts that there is dispute as to whether, when, and to what extent they complained about nondelivery of some items, and the failure of some of the equipment to work as they claimed it should. But there is no dispute that there was nothing of this character in writing until 23 months after the transaction, a few days before the first major instalment payment was due, when the defendants wrote a letter of complaint.

Upon a survey of the entire evidence it does not appear to be of such character as to compel a finding by the trial court that the plaintiff John Deere had reason to believe that the seller Jensen Equipment would not or did not deliver the parts allegedly missing, nor that the defendants voiced any dissatisfaction because of defects or improper performance of machinery, at least until after plaintiff had purchased the documents. It follows that there is no basis upon which we could conclude it was mandatory to find in accordance with the defendants' asserted defense that plaintiff was not a holder in due course.

The final point is the defendants' attack upon that portion of the judgment awarding the plaintiff an attorney's fee. It is true that there is no evidence in the record upon which to base such an award. We have heretofore had occasion to deal with such an issue.[7] In conformity with those decisions, in the absence of any evidence upon which to base such a finding, the judgment in that respect cannot be sustained and must be modified accordingly.

Affirmed except as to the award of attorney's fees. The parties to bear their own costs.

CALLISTER, C. J., and TUCKETT, HENRIOD and ELLETT, JJ., concur.

6. Cassity v. Castagno, 10 Utah 2d 16, 347 P.2d 834; Super Tire Market, Inc. v. Rollins Mine Supply, 18 Utah 2d 122, 417 P.2d 132.

7. See statement in Butler v. Butler, 23 Utah 2d 259, 461 P.2d 727, and cases cited therein.