FREED FINANCE COMPANY, a Utah Corporation, Plaintiff and Respondent,

v.

STOKER MOTOR COMPANY, a Utah Corporation, et al., Defendants and Appellants.

No. 13925.

Supreme Court of Utah.

July 8, 1975.

Ronald C. Barker, Salt Lake City, for defendants and appellants.

Louis H. Callister and W. Clark Burt, of Callister, Greene & Nebeker, Salt Lake City, for plaintiff and respondent.

*ELLETT, Justice:*

This is an appeal brought by defendant Stoker Motor Company from a summary judgment in favor of plaintiff on a note secured by a mortgage on real property.

A summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.[1]

In this case the complaint alleges the execution of a note in the amount of $400,000 secured by mortgages.

The answer admits the execution of the note and mortgage by an officer of the corporation but denies that the board of directors authorized the giving of the mortgage. It further alleges that the mortgage was not executed in the usual course of business and that absent authorization of the stockholders and board of directors, the president of the corporation had no authority to sign the mortgage.[2]

The plaintiff claims that the defendant is estopped to claim the mortgage is invalid and relies on the case of U–Beva Mines v. Toledo Mining Company, 24 Utah 2d 351, 471 P.2d 867 (1970), wherein it was held

1. Rule 56(c), U.R.C.P.

2. Section 16–10–74, U.C.A.1953, Replacement Vol. 2B.

that where a lessee had no reason to know that a lease had been executed without authority under Section 16–10–74, U.C.A. 1953, or that it covered substantially all of the assets of the lessor, the lease was not void.

The answer further alleges that the note was not supported by adequate consideration.

■ A party may not rely upon allegations in the pleadings to counter affidavits made upon personal knowledge stating facts contrary to the allegations of the pleadings.[3] In this connection it is to be noted that there is no claim by affidavit or otherwise that there was full and adequate consideration given for the $400,000 note. In fact, by affidavit of the president of the defendant company it is stated:

That at the time of execution of the mortgage which is the subject matter of Plaintiff's complaint Plaintiff claimed that Stoker Motor Company was indebted to Plaintiff in some large but indefinite amount, and required the execution of said note and mortgage, subject to a later accounting between the parties to determine the actual amount of the indebtedness. The litigation mentioned in paragraph # 5 above involves an accounting between the parties, which accounting involves the mortgage and note which are the subject matter of this action.[4]

3. Rule 56(e), U.R.C.P.

4. Paragraph 5 of the affidavit sets out four pending cases between the appellant and respondent.

5. Richards v. Hodson, 26 Utah 2d 113, 485 P.2d 1044 (1971); Brasher Motor and Fi-

The claim of disputed issues of fact as made by the defendant is buttressed by an agreement between the parties subsequent to the signing of the note and mortgage wherein the parties agreed that the defendant owed plaintiff the sum of $56,030. The agreement then stated that there was an outstanding promissory note in the original principal amount of $400,000 payable to Freed and that if Stoker would pay $1,500 per month until the $56,030 indebtedness was fully paid and then apply the same sum to the note until a certain mortgage held by Prudential Federal Savings and Loan Association was paid, and thereafter pay $3,000 per month to Freed, then the $400,000 note would be cancelled and declared paid in full when Freed had received the sum of $125,000.

■ Even if there were no disputed issue of material fact, the summary judgment could not award an attorney's fee without a stipulation as to the amount, an unrebutted affidavit, or evidence given as to the value thereof.[5] Without any basis therefor, the trial court awarded plaintiff an attorney's fee in the sum of $30,000.

The summary judgment must be and it is hereby set aside and the case remanded for a trial of the issues involved in this matter. Costs are awarded to the appellant.

HENRIOD, C. J., and CROCKETT, TUCKETT and MAUGHAN, JJ., concur.

nance Company v. Anderson, 20 Utah 2d 104, 433 P.2d 608 (1967); F. M. A. Financial Corporation v. Build, Inc., 17 Utah 2d 80, 404 P.2d 670 (1965); Hurd et al. v. Ford, 74 Utah 46, 276 P. 908 (1929).