Henry H. FORRER, Plaintiff,

v.

Stuart REED et al., Defendants, Counter-Plaintiffs and Respondents,

v.

Henry H. FORRER et al., Counter-Defendants and Appellants.

No. 14572.

Supreme Court of Utah.

Feb. 9, 1977.

James R. Hall, Roosevelt, for Sather.

George E. Mangan, of Mangan, Draney & Mitton, Roosevelt, for Forrer.

R. Clark Arnold, Salt Lake City, for Reeds.

HALL, Justice:

This was an action brought to determine the validity of a mortgage and to quiet title to real property. The defendants answered asserting the validity of the mortgage and counterclaimed for foreclosure, or in the alternative, for a determination that they were the rightful owners of the property.

The matter was presented to the lower court for decision on a written stipulation of the facts and pursuant thereto the court decreed that plaintiff was the owner of the property, subject to the mortgage which was ordered foreclosed. Appellants seek to reverse the decision foreclosing the mortgage and respondents seek to also reverse for failure to award title to the property to them and in not awarding attorney fees.

Appellants initially assert error in the court's finding that the mortgage was a valid lien despite the fact that the stipulat-

ed facts so state and now urge that since the mortgagor had not recorded her deed of conveyance prior to the execution and recordation of the mortgage that said mortgage had no validity. Such is not the law since recording of a conveyance is only required to impart notice and the court below so found.

U.S.C. 57–1–6 (1953) covers this point and reads in parts as follows:

> Every conveyance of real estate, and every instrument of writing setting forth an agreement to convey any real estate or whereby any real estate may be affected, to operate as notice to third persons shall be proved or acknowledged and certified in the manner prescribed by this title and recorded in the office of the recorder of the county in which such real estate is situated, *but shall be valid and binding between the parties thereto without such proofs, acknowledgement, certification or record, and as to all other persons who have had actual notice.* . . . [Emphasis added.]

■ Appellants also assert an equitable argument that the mortgage was not timely foreclosed. Since there was no evidence introduced on this point the lower court considered the minority of the respondents, the trust relationship and the breaches thereof by their guardian and the trust source of the funds in finding that the passage of time alone did not make it unreasonable to enforce the mortgage and we will not disturb such a finding of the trial court since the evidence clearly supports the findings and judgment.[1]

■ The lower court also found that the statute of limitations had not run and that in fact it did not commence until the last of the minors attained the age of majority. Such is in conformity with governing statutes bearing upon disability of minors[2] and foreclosure of mortgages.[3]

■ The courts have in certain instances recognized that the statute of limitations commences when a guardian is appointed, however, in those cases the guardian could have asserted the action on behalf of the minors and was not an adverse party to the minors.[4] To require the guardian to *sue herself* is an illogical and untenable position and the lower court also found that the administration of the guardianship estate was a nullity, specifically finding that she failed to perform her duties in violation of her oath and such was uncontested. Having so found the appointment as guardian was clearly insufficient to set the statute of limitations in motion.[5]

Appellants further assert that the interests of the respondents were severable and since three of them were in default that the judgment should be reduced by a sum equal to their respective interests.

■ The question whether a successful defense by some of several codefendants may inure to the benefit of a defaulting defendant has not previously been before this court, however, many courts have treated the question and have stated that the answer is dependent upon the nature, scope and extent of the defense interposed by the answering defendants, and to some extent upon the joint or several nature of the right asserted. Where the defense interposed is not personal but common to all defendants, as where it goes to the right of plaintiff to recover, as distinguished from a right to recover against any particular defendant, such defense, if successful, inures

1. *Del Porto v. Nicolo*, 27 Utah 2d 286, 495 P.2d 811 (1972)..

2. U.C.A. 78–12–21 (1953); *Hatch v. Hatch*, 46 Utah 116, 148 P. 1096.

3. U.C.A. 78–12–23 (1953); *Crompton v. Jenson*, 78 Utah 55, 1 P.2d 242.

4. *Jenkins v. Jensen*, 24 Utah 108, 66 P. 773; *Dignan. v. Nelson*, 26 Utah 186, 72 P. 936 (1903).

5. *Baker v. Goodman*, 57 Utah 349, 194 P. 117 (1920).

to the benefit of the defaulting defendants and final judgment should be entered in favor of *all* defendants.[6]

The facts of this case fall squarely within the above stated criteria and the trial court ruled correctly.

The respondents' contention that title was wrongfully quieted in plaintiff is without merit and the finding below that their unrecorded quit claim deed afforded no notice to plaintiff as a bona fide purchaser for value, will not be disturbed.

 Respondents next urge that the mortgage provided for attorney fees in the event of default, only the amount thereof being unspecified, and that the court failed to determine a reasonable amount therefor and assess them against appellants. Turning to the court's written decision it reflects that no evidence was offered, nor was there a stipulation presented for the court's approval. Consequently, the court correctly found in the absence of evidence or agreement that there was no contractual or statutory authority to support such an award and such is in accord with prior decisions of this court.[7]

Judgment is affirmed. Costs to respondents.

ELLETT, C. J., and CROCKETT, MAUGHAN and WILKINS, JJ., concur.

---

**6.** Annotation: 78 A.L.R. 938, 939, setting forth a number of jurisdictions so holding.

**7.** *Hurd v. Ford*, 74 Utah 46, 276 P. 908 (1929); *F. M. A. Financial Corp. v. Build, Inc.*, 17 Utah 2d 80, 404 P.2d 670 (1965); *Brasher Motor & Finance Co. v. Anderson*, 20 Utah 2d 104, 433 P.2d 608 (1967); *Richards v. Hodson*, 26 Utah 2d 113, 485 P.2d 1044 (1971).