The STERLING PRESS, Plaintiff and Respondent,

v.

C. L. PETTIT and John Sybrowsky, dba Investor's Publishing Company, Defendants and Appellants.

No. 15304.

Supreme Court of Utah.

May 19, 1978.

Day & Barney, David H. Day, Murray, for defendants and appellants.

W. Jeffery Fillmore, Salt Lake City, for plaintiff and respondent.

MAUGHAN, Justice:

Defendants appeal from a judgment awarding plaintiff $1,314 on an unpaid

7. Strachan, *In Personam Jurisdiction,* 1977 Utah L.R. 235, 259.

check and $500 in attorney's fees. We affirm, with modification. All statutory references are to U.C.A.1953.

C. L. Pettit is the President and John Sybrowsky the Secretary of International Land Corporation, a Utah corporation dealing in real estate. In 1972, International decided to set up a publishing company which they called Investor's Publishing Company. Investor's Publishing Company decided to produce a magazine called "The Utah Equestrian." Ann Garrett was hired to be the editor of the magazine.

Ms. Garrett contacted the plaintiff to arrange for the printing of the magazine. She spoke mainly with a Mr. Gregory Oar, general manager of Sterling Press. Mr. Oar testified at trial that Ms. Garrett informed him that the defendants were the owners of the magazine and would be responsible for any payments.

From December 1972 to December 1973, plaintiff printed the magazine. The magazine contained a statement it was published by "Investor's Publishing Company, C. L. Pettit President." Bills were sent to "The Utah Equestrian." The first payments were by checks drawn on the account of International, and the rest on an account in the name of Investor's Publishing Company. The check in question, written on January 5, 1974, shows on its face only the words "Investor's Publishing Company," with only the signatures of the defendants and with no designation of their representative capacity. The check was twice presented and rejected marked return to maker; and plaintiff has never received payment thereon, or for the debt it represents.

On May 16, 1974, approximately two months after a complaint was filed, Investor's Publishing Company was registered with the secretary of state as a trade name of International Land Corporation.

The defendants allege the evidence is insufficient to support the finding of the trial court, viz., the defendants were liable as individuals for the payment of the check. Defendants also challenge the awarding of attorney's fees, alleging there is insufficient evidence and support in pleadings and findings of fact, to support such an award.

42–2–5 requires any person carrying on a business under an assumed name to file a certificate, with the secretary of state, setting forth the name under which the business is to be conducted. This certificate must be filed not later than thirty days after the time of commencement of the business.

Defendant's arguments are the plaintiff should have known it was dealing with a corporation, because of the facts that the initial checks were drawn on International's account; also that Garrett had told Oar the magazine was owned by International; Oar had visited the business premises of International; also further investigation by plaintiff into mailing permits and bank accounts would have revealed International stood behind this magazine.

■ However, 70A–3–403 requires that an agent or representative must show he actually is representing someone. Where the instrument neither names the entity represented nor shows the representative signed in a representative capacity, the person who signed is personally obligated.[1]

■ The check in question here had on it only the names of the defendants and the name of an unregistered company, Investor's Publishing Company.

16–10–139 provides:

All persons who assume to act as a corporation without authority so to do shall be jointly and severally liable for all debts and liabilities incurred or arising as a result thereof.

Defendants were assuming corporate powers without authority by using the unregistered name of Investor's Publishing Company and hence are liable for the debts of that company. The burden lay on defendants to

---

[1]. See Williston, Contracts (3rd Ed.) Sec. 282; and Cf. *Smith & Edwards v. Golden Spike Little League, et al.*, Utah, March 24, 1978.

show they actually were representing someone else; and they cannot avoid that responsibility by blaming the plaintiff for not making a more thorough investigation.

 The lower court apparently based its award of attorney's fees to plaintiff on 7–15–1 which provides an award where the party defaulting has done so with a willful intent to defraud. Neither in the pleadings nor the evidence nor the findings of fact is there any justification for such an award under that statute because of willful intent to defraud. Accordingly, defendants are correct in their attack upon the award of attorney's fees.

That portion of the judgment must be stricken.[2] Except as so modified, it is affirmed. The parties to bear their own costs.

ELLETT, C. J., and CROCKETT, WILKINS, and HALL, J., concur.

---

**2.** *F. M. A. Fin. Corp. v. Build Inc.,* 17 Utah 2d 80, 404 P.2d 670; *Butler v. Butler,* 23 Utah 2d 259, 461 P.2d 727.