Annette K. BEARDALL, Plaintiff and Respondent,

v.

Neil J. BEARDALL, Defendant and Appellant.

No. 16994.

Supreme Court of Utah.

April 23, 1981.

P. Gary Ferrero, Provo, for defendant and appellant.

John C. Backlund, Provo, for plaintiff and respondent.

MAUGHAN, Chief Justice:

Plaintiff initiated this proceeding pursuant to an order to show cause to enforce a provision in a decree of divorce entered in November, 1968. Thereunder, defendant was ordered "to pay any medical or dental expenses which may be incurred for medical or dental care of the two minor daughters of the parties." Upon hearing before the trial court, plaintiff was awarded judgment in the sum of $1,184.20. Defendant appeals challenging the award of two of the components of that sum. The judgment is affirmed.

In this proceeding plaintiff filed an affidavit averring that defendant was in default in the payment of $3,395.24 for medical, hospital, and dental bills for the minor daughters of the parties. By stipulation the parties agreed that plaintiff had procured at her own expense medical insurance, which had covered all the medical expenses except $258.88 for doctor bills and $73.32 for prescription drugs. The latter sums had been paid by plaintiff, which defendant agreed he should reimburse. On appeal defendant concedes plaintiff should have judgment for these expenses.

Over a period of three years plaintiff had paid $1,538.12 in premiums for medical insurance, for which she sought reimbursement. The trial court awarded her $700 as reimbursement for insurance premiums. In addition, plaintiff was awarded $125.00 for her attorney's fee.

The defendant vigorously contended that the trial court could not order reimbursement for any of the insurance premiums on the basis of an order issued in 1975. In October 1975, an order to show cause was issued, averring defendant was in default in the payment of medical bills in the sum of $1,378.98. During the ensuing proceeding, plaintiff sought reimbursement in the sum of $135.00 for premiums for medical insurance paid from September 1974 through October 1975. The court ordered defendant to pay $1,250.00 to a doctor, and $45.60 to plaintiff. However, the court denied plaintiff reimbursement for the insurance premiums. The following was included in the order:

"Defendant not found responsible to provide medical insurance for the two minor daughters of the parties."

In the present proceeding the trial court stated that technically under the terms of the 1975 order he could not award plaintiff judgment for the insurance premiums that she had paid. However, he could do something with respect to defendant's liability to pay the medical bills. The court stated:

"Well, as I indicated, I think that those premiums were actually a necessary medical expense incurred for the children."

The trial court limited plaintiff's right to reimbursement of the insurance premiums as a medical expense to a period of approximately two years (1977 and 1978) and awarded her $700.00.

On appeal defendant contends the order requiring defendant to reimburse plaintiff $700 for medical insurance is invalid. First he urges the current order modified the order of 1975, and such modification cannot be sustained inasmuch as plaintiff failed to prove a substantial change of circumstances. He further argues that in the absence of proof of change of circumstances, the doctrine of res judicata applies, since his responsibility to provide medical insurance had been litigated and determined by the 1975 order. Secondly, defendant contends that if the requisite proof were adduced to justify a modification, such a modification cannot be applied retroactively, which was the effect of the present order for reimbursement.

■ Defendant has misconstrued the order of the trial court. Medical and dental expenses in the sum of $3,395.24 were incurred for the care of the children. Under the decree of divorce, defendant was liable for this expense. Plaintiff providently procured and paid for medical insurance which covered these expenses, with the exceptions set forth ante. This medical insurance did not redound to defendant's benefit and discharge his liability under the decree. The trial court, sitting as a court of equity, pertaining to its powers concerning obligations arising under a decree of divorce[1] exercised its equitable powers and limited defendant's liability to the cost of the insurance premiums rather than ordering defendant to discharge the entire obligation for medical expenses in the sum of $3,395.24. Within this context, the trial

court correctly ruled that the premiums were actually a necessary medical expense for the children.[2]

■ Defendant further contends the award of $125.00 attorney's fees to plaintiff cannot be sustained. Defendant cites and relies on *Kerr v. Kerr*[3] wherein this Court stated:

"... Pursuant to statute [Section 30–3–3, U.C.A., 1953] a court in a divorce proceeding is empowered to award such sums as will permit the opposing party to bring or defend the action. The decision to make such an award, together with the amount thereof, rest primarily with the sound discretion of the trial court. As with the award of alimony, however, an award of attorneys' fees must rest on the basis of evidence of need and reasonableness."[4]

Defendant claims there was no evidence adduced as to the need of plaintiff for attorney's fees to enable her to prosecute this action, or the reasonableness of the amount awarded. The record does reveal that this proceeding is the third one plaintiff has been compelled to prosecute to enforce the medical expenses provision in the decree. Although there was no detailed presentation of facts establishing the usual requisite factors to support an award of attorney's fees, the facts implicit in this proceeding and the evidence necessarily presented to the trial judge, together with the de minimis nature of the award constitute a sufficient basis to sustain the trial court's exercise of its discretion herein.

STEWART, HOWE and OAKS, JJ., concur.

HALL, Justice (concurring and dissenting):

I concur with the main opinion except as to its disposition of the issue of attorney's fees.

1. *Despain v. Despain*, Utah, 610 P.2d 1303 (1980).

2. The trial judge in the present proceeding was the judge who issued the 1975 order. The judge stated in reference to this prior order that he did not intend to relieve defendant of liability for all medical expenses, if plaintiff elected to procure her own medical insurance. The judge commented that what he had in mind

was that it might be cheaper for defendant to pay the medical bills rather than to carry insurance.

3. Utah, 610 P.2d 1380, 1384 (1980).

4. Also see *Kallas v. Kallas*, Utah, 614 P.2d 641, 646 (1980).

The majority of the Court cites no authority for holding that the requisite evidentiary basis for an award of attorney's fees may arise by mere implication, or that an award may be made if it be *de minimis*. Indeed, it appears that there is none.

An award of attorney's fees must be based upon direct evidence adduced at trial as to: 1) need, 2) ability to pay, and 3) reasonableness of the fee to be awarded.[1] As stated in the case of *Butler v. Butler*:[2]

> This court has consistently held that *an attorney's fee may not be awarded where there is nothing in the record to sustain the award* either by way of evidence or by stipulation of the parties as to how the court may fix it.[3] [Emphasis added, citations omitted.]

I would vacate the award of attorney's fees.

---

1. *Kerr v. Kerr*, Utah, 610 P.2d 1380 (1980).

2. 23 Utah 2d 259, 461 P.2d 727 (1969).

3. *Id.* at p. 261, 461 P.2d 727. See also, *Adams v. Adams*, Utah, 593 P.2d 147 (1979); *Lincoln Financial Corp. v. Ferrier*, Utah, 567 P.2d 1102 (1977); *Richards v. Hodson*, 26 Utah 2d 113, 485 P.2d 1044 (1971); *John Deere Company of Moline v. Behling*, 26 Utah 2d 30, 484 P.2d 170 (1971); *Brasher Motor and Finance Co. v. Anderson*, 20 Utah 2d 104, 433 P.2d 608 (1967); *F. M. A. Financial Corp. v. Build, Inc.*, 17 Utah 2d 80, 404 P.2d 670 (1965).